Johnson, Sheriff, v. Smith.

The plaintiff replied and admitted said executions and cost on said *audita* to have been paid, but says the interest on said execution during the time said executions were delayed by said writ of *audita* had not been paid.    Demurrer.

Judgment — That the plaintiff's reply is insufficient; upon the principle that a bond upon a writ of error and on an *audita querela*, does not extend to the interest on the debt, for the time payment is delayed thereby.    See Lane v. Breed, New London September 1790.

## JOHNSON, SHERIFF, v. SMITH.

If the principal's body is taken by the execution the sheriff's bail is discharged.

If a repleader is ordered upon a motion in arrest, full cost is taxed on the final issue of the cause.

ACTION on a bail bond, conditioned that Jeffe Goodwin and Plumb, who were attached at the suit of Wycoff, should appear and answer said suit, etc. declaring that said Goodwin and Plumb did not they nor either of them appear and answer in said suit, and judgment was against them upon default for      , and that execution was taken out against them, dated 27th of September A. D. 1788, which had been duly returned *non est inventus*, and said debtors had avoided, etc.

Plea in bar — That said Goodwin and Plumb were openly and publicly about during the life of said execution, and said Plumb had sufficiency of estate to pay said execution, and the plaintiff levied said execution on the body of said Plumb on the 13th of November A. D. 1788, and held him until the 15th of said November when he released and set him at liberty, by a written order from John C. Smith, Esq. attorney to the creditor; and on the 22d of said November the plaintiff returned said execution with the following indorsement thereon, viz. Canaan November 13th 1788, then by virtue of this execution I levied on the body of the within named Frederick Plumb, and on the 15th of said November I received written orders from John C. Smith to let said Plumb go, said Smith being acting attorney to the creditor; also repaired to said Goodwin's usual place of abode but could find neither estate or person whereon to levy.

And the defendant further plead, that during the life of said execution, he offered and tendered to said John C. Smith, attorney aforesaid, sufficiency of personal estate belonging to said Goodwin and Plumb to levy upon and satisfy said execution, and requested him to permit the plaintiff, who had said execution, to levy upon it; but he absolutely refused, alleging that the estate was Plumb's and should not be taken; that afterwards the creditor prayed out an *alias* execution and levied upon the property of said Goodwin and sold the same for satisfying said execution.

Plaintiff replied — That the estate taken on said *alias* execution and sold amounted to only £10 17s.  Demurrer to the reply.

Judgment — That the reply of the plaintiff is insufficient, for the following reasons; there ought to be the utmost fairness in the proceedings in order to subject the bail; and in this case, it appears that one of the debtors in the execution had sufficiency of estate, that his body was taken upon it, and held two days, and then released by order of the creditor's attorney; the presumption is that the debt was satisfied, until the contrary is made to appear:  Further it is averred in the plea that both said Goodwin and Plumb were openly and publicly about and might have been taken, and that they did not avoid said execution which is admitted by the reply.

This cause was tried to the jury last court upon a special issue, and verdict for the defendant; on a motion in arrest, the verdict was set aside and a repleader ordered.  A question was made, whether full cost should be allowed or only upon the repleader.

By the Court.  The whole cost must be allowed.

### REED v. TOUSLEY ET AL.

The receiptsmen of property taken by execution are liable to the officer for the property, although the execution is otherways satisfied.

Error to reverse a judgment of the County Court, in an action brought by Reed as constable against Tousley et al. declaring, that he had an execution in favor of David Buel,