BEECKER *against* SIMMONS, impleaded with ANDREWS.

BEECKER
v.
SIMMONS.

THIS was an action of debt on a judgment.

The plaintiff sued *Simmons & Andrews* on their joint note. *Andrews* only was arrested, and put in bail to the sheriff; but neglecting to put in *special* bail, the plaintiff took an assignment of the bail-bond, on which he brought an action, and obtained judgment. The suit on the bail-bond was against *Andrews*, and one *Asa Gunn*. Upon this judgment the plaintiff issued a *ca. sa.* in which both defendants, in the bail-bond suit, were taken and committed to custody. After remaining some time in custody, they left the gaol liberties, and returned home. The plaintiff filed *common* bail in the original action, and entered up a judgment against both defendants, and brought an action of debt on that judgment, in which *Simmons* only was taken.

*Where the plaintiff takes an assignment of the bail-bond, and brings an action against the principal, and the bail to the arrest, and obtains a judgment, and issues an execution, he cannot afterwards file common bail in the original suit, and proceed to judgment therein; but is concluded by his election to proceed on the bail-bond.*

Upon these facts, two questions were submitted for the decision of the court.

1. Whether the plaintiff, having elected to take an assignment of the bail-bond, and proceeded to judgment thereon, could afterwards file common bail to bring the defendants into court.

2. Having taken the bail in execution, is not that a satisfaction of the debt?

*Per Curiam.* The plaintiff having elected to proceed upon the bail-bond to a judgment, and having charged the bail to the arrest and his principal in execution, he cannot be permitted, afterwards, to waive these proceedings by filing common bail in the original suit, and proceeding to a judgment therein. He is concluded by his election, and the proceeding under it. The remedies are inconsistent with each other; and he cannot have both. That would be oppressive.

NEW-YORK, Nov. 1810.

The case comes within the principle of the decision in *Smith* v. *Rosencrantz*, (6 *Johns. Rep.* 97.) for the bail to the arrest became substituted for special bail. The filing of common bail in the original suit was irregular, after the judgment and execution upon the bail-bond; and no doubt the court, on proper application, would have set aside, as irregular, the judgment upon which this suit was brought. But that question is not now before us; and upon the first point submitted we are of opinion with the defendant; and, according to the stipulation in the case, judgment is to be entered accordingly.

Judgment for the defendant.