ALBANY,
Oct. 1827.

Ex parte
Badgley.

---

## Ex parte BADGLEY.

On *habeas corpus* to the sheriff of Columbia. Two suits were commenced, and judgments obtained in this court against Badgley; in both of which Wager became special bail. In one, a *ca. sa.* issued; and the defendant being arrested by the sheriff of Columbia, Wager became surety for the jail liberties; whereupon Badgley escaped. Wager pursued, took and surrendered him to the custody of the sheriff of Columbia, claiming to do so in virtue of *committiturs* indorsed on both of the original bail pieces, and as surety for the liberties. Badgley was accordingly detained in close custody, having declined to renew his surety bond for the liberties in the suit wherein he was committed upon the *ca. sa.*

Where there are two causes of imprisonment, one good and the other invalid, the court may, on *habeas corpus,* discharge as to the invalid cause, remanding the prisoner as to the other.

The force of a special bail piece is spent by arrest on a *ca. sa.,* though the prisoner escape; and he cannot afterwards be surrendered by his special bail.

*S. Cleveland* now moved that he be discharged from close confinement as to the suit in which the *ca. sa.* issued. He said this might be done; though he conceded that he stood properly committed as to the other suit. The prisoner could then obtain sureties as to the latter; and go at large on both. This was not denied on the other side. But

A surety for the jail liberties has no power, as such, to surrender his principal to close confinement.

*E. Williams*, for Wager, insisted, that he had a right of surrender, on fresh suit, as surety for the liberties. He likened it to the case of surety by recognizance in a criminal case, upon which he said Van Ness, late justice, had expressed an opinion that there might be a surrender. And one Gardinier was, upon that opinion, surrendered to the sheriff.

To warrant this, the technical relation of principal and bail must exist.

[1] See New York Dig. vol. 2, tit. *Habeas Corpus.*

ALBANY,
Oct. 1827.

Ex parte
Badgley.

He said the sheriff had this right on proper cause. (1 R. L. 429, s. 6; 10 John. 549.) And the surety should *be allowed to stand in his place. (*Barry* v. *Mandell*, 10 John. 563, on error.)

*Cleveland*, in reply, supposed the point too plain for argument. He said the statute gave this right to the sheriff in the single case of his supposing the sureties to be insufficient. Independent of the statute, he had no such right. It is confined to the particular case mentioned. The statute pre-supposes no general right of close confinement at common law; and is so far an argument against the surety. The two cases rest on different principles. The case supposed by the statute can never exist as to the surety.

*Curia.* We agree with counsel, that we may discharge as to imprisonment upon the *ca. sa.* though it be regular upon the *committitur* in the other suit. The bail piece which was followed by the *ca. sa.* had lost its force by an imprisonment of the body upon that writ; and there was no right to surrender upon the limit bond. This creates the relation of principal and surety, not of principal and bail. The latter relation is necessary to warrant a surrender. We are not aware that this rule has ever been departed from, except in the case mentioned as having been before the late judge Van Ness, upon a recognizance of bail in a criminal case. Without expressing an opinion upon that case, we are clear that a case of surety for the jail liberties, which is not matter of record, but exists merely *in pais*, does not warrant a surrender, any more than the case of any other surety. The prisoner must be discharged as to this cause of imprisonment.[1]

Rule accordingly.

[1] See N. Y. Dig. vol. 2, tit. *Habeas Corpus.*