Judge Lane
stated the ease, and delivered the opinion of the •court:
In August, 1834, the plaintiffs sued Kelsey, for -whose appearance Goodloe became bail.
In October, 1834, a declaration de bene esse was filed against Kelley, and no further steps by plaintifife; at the December term, 1834, Kelsey filed his plea; at the same term the case was continued for want of special bail. At February term, 1835, the parties appeared, and judgment was rendered against Kelsey.
In February term, 1835, the present suit of debt was instituted upon the bail bond, and it is agreed that if the plaintiffs are entitled to judgment upon these facts, that it shall be entered upon the pleadings.'
The point which is presented upon these pleadings is, whether a plaintiff, who has accepted a plea and taken judgment against a defendant, can afterward sustain action on the bail bond.
Nothing can be more abundantly settled in the English practice than that any step by the plaintiff beyond the mere filing a declaration de bene esse, is a discharge of the bail bond; that a declaration in chief, or the acceptance of a plea from the defendant, or the entry of a judgment against him, is deemed a waiver. 1 Tidd, 223; 1 Seld. 152; 9 Johns. 73; 7 Johns. 119.
It is insisted, however, that our statute innovates upon this practice, and contemplates the pursuit of the defendant in the original action to judgment, at the option of the plaintiff, at any time after the plaintiff has lost a term. The correctness of this opinion is not perceived; it is evident that upon a failure to perform the condition of a bond, the plaintiff may pursue the defendant, the sheriff, or the bail, at his election; but we abide by the whole body of precedents, in holding that the selection of one is a waiver of right against the other
Judgment for defendants.