Judge Wood
delivered the opinion of the court:
In an action against appearance bail, the statute vests in the courts of this state a discretionary power,^intended to be sufficiently ample to effect all the purposes of substantial justice. The object of bail is to secure the defendant’s person to respond to the judgment. When this is accomplished the design of the law is, in ordinary cases, fulfilled. When no real injury has accrued, but a technical right of action only exists against the bail, it would be a reproach to the administration of justice if there was not power, somewhere, to stay or arrest the proceedings. For such a case the legislature have endeavored to provide, by giving to the court, when the proceeding is pending, full authority over it, so far as justice may require. This authority is derived from sections 22, 23, 24, and 25 of the “act to regulate the practice of the judicial courts.” 3 Chase’s Stat. 1676. Section 22 enacts “ that the proceedings on the bail bond may be set aside, if irregular, or stayed if regular, upon terms, in order *that a trial may be held in the original action.” Sec. 23. « That when the plaintiff, in the original action, has not lost a *32 trial for want of special bail being filed in due time, the court, or judge, may stay the proceedings on the bail bond, upon putting-in and perfecting special bail, paying the costs incurred by the •assignment and prosecution of the bail bond, receiving a declaration in the original action, pleading issuably and taking short notice of trial.” Sec. 24. “That when the plaintiff has lost a trial, in the original action, for want of special bail being filed in due. time, it shall be the duty of the court, before the proceedings be stayed on the bail bond, further to require that the bail consent that judgment be entered against them, on the bail bond, for the-plaintiffs security; and, in such case, if the defendant fail in the original action, the bail shall be liable to immediate execution,” etc. The statute confers upon the courts of this state, powers similar to those which are exercised by the courts at Westminster.. 3 Chit. Pr. 389; 3 Har. Jur. 1984-1986; 1 Arch. Pr. 98. If a trial had been lost in the original action, because bail above had not been put in, the king’s bench would not stay the proceedings, in a similar case, without requiring the attachment against the sheriff to stand as a security. Arch. Pr. 99. If a trial had been lost, in this case, the court of common pleas should have required the bail to consent to the entry of judgment against them, on the bail bond, to stand as the plaintiff’s- security, before the proceedings were stayed. But had a trial been lost? If not, it is not contended there is anything erroneous in the order to stay. Besides, it is settled that the loss of trial must be without the lachesof the plaintiff, Barnes, 103; 3 B. & P. 221; or the court will not' impose on the bail the judgment against them as the condition to-stay. Whether a trial has been lost or not must be ascertained by the court; it is not to be inferred from the lapse of a term, or-several terms, when the plaintiff might have had judgment, had he been diligent, if special bail had been perfected. The plaintiff must show all the facts and circumstances, necessary to prove a. loss of trial, by affidavit. Rex v. Sheriff of Surrey, 5 Taunt. 606. The evidence on which the court of common pleas acted, is not. contained in the record. That court, undoubtedly, found from the testimony; that there had been no loss of trial, etc. It is our duty to presume such was their finding until the contrary appears.. The inference the law raises is, that every court does its duty *and does right; and he who would reverse a judicial proceeding must point out the error. The court of common pleas- *33 acted on such evidence as was produced. That court was the judge of its weight, its credibility; and although its conclusion may have been different from what ours would have been, had we been called to decide on the same evidence, its decision was a subject of sound discretion in that court, and not liable to revision in ours. Indeed, it may well bo doubted, whether error will lie to the common pleas on an order to stay proceedings against bail. In King et al. v. Bank of Gettysburg, it was solemnly determined by the Supreme Court of Pennsylvania, that matters which would induce a court to stay proceedings on a bail bond, constituted a subject of legal discretion, and not of error. 2 Rawle, 198. I am not authorized by the court, however, to say that this point is determined. It was not deemed necessary to be settled in this case, as its decision could not vary the result.
But there is another and more satisfactory ground, perhaps, to sustain the order of the common pleas. The record shows that at the return term of the capias against the defendant, in the original action, the plaintiff obtained a rule against the sheriff, to bring in the body of Smith in three days. This rule was entered of record. The inquiry then arises, whether, after the entry of such rule, the plaintiff could take an assignment of the bail bond? If he could not, the court of common pleas was most clearly right, by virtue of its inherent power over its process and proceedings in similar cases, in staying the proceedings against the bail, on that ground alone.
We have not been able to find any adjudicated case directly in point. There are those, however, which bear a striking analogy. In Baker v. Simmons, impleaded with Andrews, the Supreme Court of New York determined that a plaintiff having elected to proceed on a bail bond to a judgment, and having charged the bail to the arrest and his principal in execution, could not be afterward permitted to waive those proceedings by filing common bail in the original suit, and proceeding to judgment therein.. That the remedies were inconsistent with each other, and both could not be pursued; that such a course would be oppressive. 7 Johns. 119. At Westminster, after taking an assignment of the bail bond, the plaintiff can not proceed against the sheriff;, but, the rule does not seem to hold e converso, for he may rule-the sheriff and then take an assignment of the bail bond. 1 Sold. *Pr. 176, 190; 1 Wil. 223. But the decision of this question *34 must depend mainly on the construction of section 10 of the practice act. 3 Chase’s Stat. 1675. That section enacts, “ That if special bail be not put in and perfected in due time, the plaintiff may proceed on the bail bond, or, rule the sheriff to bring in the body of the defendant.” The language of this section is in th& alternative. The plaintiff may proceed on the bail bond, or, rule the sheriff. Can he do both? Such an inference seems to us to be excluded by •the language used. He may elect which of the alternatives he -will pursue, but when such election is made he is bound by it. 'The rule on the sheriff being entered of record is evidence of the ¡plaintiff’s election, and while it remains he can not take an assignment of the bail bond. It is said the rule was not served ; but ■that can make no difference, for the entry of the rule determines ¡the plaintiff’s election.
It is contended this was waived by a verbal understanding ; but ’-to this the bail were not parties, nor had they any knowledge of vthe fact. The entry of the rule was notice to all interested of the plaintiff’s election. The bail, seeing it, would rest satisfied they •could not be made liable on any future assignment of the bond to ¡the plaintiff, and would take no steps to indemnify themselves of ¡their principal. At all events, such rule could not be discharged ¡by a private, verbal agreement, unknown to any but the sheriff ,and the plaintiff.
In any point of light in which we have been able to view this • case, we think the judgment of the common pleas ought to be af¡firmed. We come, perhaps, more satisfactorily to that conclusion, ¡from the fact that it appears from the record, that the body of ¡Smith is still in the custody of the sheriff, to respond to the plaintiff’s judgment, and the object he had in view in commencing the (Original action by capias is fully attained.