NAPOLEON PRIOR v. JEROME BODRIE, NAPOLEON DUBEY AND JULIUS SHINNABAR.

*Action on bail bond—Averments—Discharge of sureties.*

In an action on a bail bond, the ordinary count against bail to the arrest, wherein the plaintiff, without waiving anything, relies on defendant's failure to appear by giving special bail, is inapplicable if the plaintiff allowed such failure to pass and waited until a *fieri facias* and an execution against the body had proved ineffectual before suing the bail; to this extent he elected to treat the bail to the arrest as substituted for special bail.

A count in a declaration against bail to the arrest states no cause of action if, on alleging the issue of execution against the body, it contains no averment of return or of anything done under the writ. It should set up a due return under the sheriff's certificate that defendant could not be found within the county, or other facts showing the failure of the execution under circumstances *prima facie* holding the sureties.

Bail are discharged where the sheriff has released defendant from custody on plaintiff's refusal to pay the expenses of his board and keeping, in advance, as required by Comp. L. § 7383, after he has been taken on execution.

Error to Wayne. Submitted June 22. Decided Oct. 11.

DEBT on bond. Plaintiff brings error. Affirmed.

*Ford & Norris,* for appellant.

*E. T. Wood* and *Levi T. Griffin* for appellees. In an action of debt on a bail bond the declaration should distinctly say that judgment was rendered against the principal defendant, and *ca. sa.* isssued thereon, but returned *non est inventus: Barnum v. Waterbury* 38 Mich. 280 ; sureties on a bail bond are released if the principal is taken on the *ca. sa. : De Myer v. McGonegal* 32 Mich. 131 ; the discharge of the defendant from custody releases the sureties. Comp. L. § 7333 ; Act 99 of 1877 ; *Townsend v. People* 14 Mich. 388 ; *Douglass v. Manistee Circ. Judge* 42 Mich. 495.

GRAVES, C. J. Bodrie was arrested on a *capias* at the suit of Prior, and Dubey and Shinnabar became his appearance bail. Bodrie failed to appear by putting in special bail and Prior, instead or taking advantage of it to sue on the bond or proceed against the sheriff, went on to judgment against the principal and took out a *fieri facias.* While this writ was running, on March 24th proceedings were prosecuted before a circuit court commissioner to obtain the liberation of the bail on the basis of a surrender of the principal. The surrender was opposed, and the proceedings were kept pending until April 12th, at which time the commissioner

decided in the plaintiff's favor. The plaintiff was therefore enabled to reject the tender of defendant's body. May 11th the *fieri facias* was returned unsatisfied, and although the plaintiff had just refused the body of the defendant when offered to him, he immediately took out an execution for its caption returnable May 27th; and on the 17th the sheriff took the defendant on this writ and placed him in custody under it. The writ remained in the sheriff's hands beyond the return-day and until June 9th, at which time it seems to have been returned, and it appears from the sheriff's certificate that at some time, but not when, he set the defendant at large because the plaintiff's attorney had refused to pay the defendant's board in advance on demand therefor. It is admitted that the plaintiff actually paid the defendant's board during his continuance in custody, and so far as appears this custody was kept up until June 9th. But on May 28th, being the day succeeding that specified in the writ for a return, the sheriff made an assignment of the bond for appearance and this suit was brought on it.

At what time the action was commenced is not shown by the record before us. The case went to trial under the general issue and the material facts were not subject to dispute. The circuit judge instructed the jury to find for the defendants. We are not informed on what ground the circuit judge proceeded, but it is not important. If it appears that the plaintiff has laid no cause of action he has no reason to complain. Before a reversal could be ordered it would be needful to examine several matters in the record. But as there is one ground which appears decisive against the plaintiff it is useless to discuss others.

The declaration contains two counts. The first is the ordinary count against bail to the arrest, where the plaintiff, not having waived anything, relies on the defendant's failure to appear by putting in special bail, and of course the facts have no application to it. The plaintiff decided to pass by the failure to put in special bail, and to leave it to a future and different contingency whether he would fall back on the bond. He elected to make the suability of the bail

depend on whether the judgment which might be obtained should be satisfied by collection or by subjection of the defendant's body, and not on the omission of special bail. And to this extent he elected to regard the bail to the arrest as substituted for special bail. *Beecker v. Simmons* 7 Johns. 119.

The second count goes much further. It even alleges the issue of an execution against the body, but contains no averment of return nor of anything done under the writ. It is silent on the subject. For anything that appears in it the arrest may have been followed by continued imprisonment and the defendant may be now in custody under the execution. That count is therefore bad. It states no cause of action. In the posture of things disclosed by it and without reference to extrinsic considerations, it was necessary to aver not merely the issue of an execution against the body, but also a due return under a certificate by the sheriff that the defendant could not be found within the county, or an averment of other facts showing failure of the execution under circumstances *prima facie* leaving the bail liable.

Had the plaintiff set forth in his declaration that his final execution was in fact successful, and that by means of it he subjected the body in precise accordance with the legal purpose, but then refused to comply with the condition of law on which his right to continue the imprisonment depended, namely a payment in advance of the "expenses of board and keeping," (Comp. L. § 7383), on which account the custody was given up by the sheriff; he would have shown affirmatively that he had no right of action. It would then have appeared that in point of law it was owing to his own fault that the principal was not held, and that having taken him on the execution and having suffered his going at large through such fault, the bail were discharged. *Ex parte Badgley*, 7 Cow. 472; *Johnson v. Smith*, 1 Root 373. Whether the commissioner's refusal to exonerate the bail when the matter was before him on the proceeding to surrender should be deemed conclusive on the question which was then decided, there having been no attempt to review

it, or whether his conclusion was justified by the circumstances, will not be considered.

The judgment is affirmed with costs.

The other Justices concurred.