# THE STATE OF UTAH, Respondent, v. JAMES W. BEDDO, Appellant.

Constitutional Law — Restrictive and Mandatory Provisions —Revision and Amendment of Existing Laws—Const. Art. 6, Sec. 22—Chapter 56, S. L. U. 1899—District Attorneys—Criminal Pleading—Legislative Act—Part Unconstitutional—When Balance May Stand — Chapter 56, S. L. U. 1899—How Far Void—Secs. 633, 2061, 2449, 4692 and 4693 R. S. 1898—Informations—How Signed—Criminal Law — Jurisdiction—Of Trial Court—Information Improperly Signed.

*Constitutional Law — Restrictive and Mandatory Provisions — Revision and Amendment of Existing Laws—Const. Art. 6, Sec. 22.*

The provisions of Sec. 22, Art. 6, of the State Constitution providing that "no law shall be revised or amended by reference to its title only; but the act as revised, shall be re-enacted and published at length" are restrictive and mandatory, and when an act or a section is revised or amended the same must be complete within itself, so that when published as revised or amended it will contain all the law upon the subject embraced in the act or section.

*Chap. 56, S. L. U. 1899—Dist. Attorneys—Criminal Pleading.*

Chapter 56, Session Laws of 1896 clearly reveals the fact that the legislature attempted to change an existing law without pursuing the method pointed out by the fundamental law; the changes made are therefore in violation of it; and so much of Chap. 56 as attempts to confer the power to file informations in criminal prosecutions upon a district attorney when the old law made it incumbent upon the county attorney to file such informations, is without force or effect.

*Legislative Act—Part Unconstitutional—When Balance May Stand.*

When a portion of an act is unconstitutional and such portion can be rejected, and the remaining portion is properly indicated by the title and forms a complete enactment in itself,

capable of being executed according to the manifest intention of the legislature, independently of the part stricken out, such portion must be sustained

*Chapter 56 S L U. 1899—How far Void—Secs 633, 2061, 2449, 4692, and 4693 R. S. 1898—Informations—How Signed.*

Chapter 56 Session Laws of 1896, in so far as it is amendatory of sections 633, 2061, 2449, 4692 and 4693 R. S 1898 is void, and district attorneys whose offices were created by said act have no power to sign and file informations in criminal cases.

*Criminal Law — Jurisdiction — Of Trial Court — Information Im properly Signed.*

The conviction and sentence, of a person charged with crime by an information not signed by the person designated by law, are void for want of jurisdiction in the trial court.

( Decided Nov. 28, 1900.)

(Rehearing denied Dec. 10, 1900.)

Appeal from the Fourth District Court Uintah County. Hon. J. E. Booth, *Judge.*

Defendant was prosecuted and convicted of the crime of rape under an information filed by the District Attorney of the Fourth District. From a judgment and sentence entered upon conviction defendant appealed, challenging the constitutionality of Chap. 56, S. L. 1899. *Reversed.*

*W. H. Frye, Esq.* and *E. A. Walton, Esq.*, for appellant.

*Hon. A. C. Bishop*, Atty. General and *Wm. A. Lee*, Deputy Atty. General, for respondent.

BARTCH, C. J.

The defendant herein was prosecuted for and convicted of the crime of rape, committed upon the person of a little

22 Utah—28.

girl twelve years of age.    Upon having been sentenced to undergo imprisonment in the penitentiary for a period of five years, he appealed to this court.

The record shows that the information, under which the prosecution was conducted, was filed by the district attorney under c. 56 Sess. Laws, 1899, p. 77, and not by the county attorney, as provided in Sec. 4692, R. S. 1898.

It is insisted, on behalf of the prisoner, that such portions of c. 56 as are claimed by the prosecution to authorize district attorneys to file informations in criminal cases are void, as being in conflict with Art. 1, Sec. 24, and Art. 6, Secs. 22 and 23 of the State Constitution, and that, therefore, the information having been filed, by such district attorney, instead of the county attorney, the court acquired no jurisdiction to try the case.

The decisive question herein, it seems, arises under Sec. 22, Art. 6 Const., which so far as important here, provides that "no law shall be revised or amended by reference to its title only; but the act as revised, shall be re-enacted and published at length." These provisions are clearly restrictive and mandatory.   Under the first clause the legislature is deprived of all power to revise or amend any law by merely referring to its title.   To make a valid revision of or amendment to any law, the act as revised, or section as amended, must be re-enacted and published at length as provided in the latter clause quoted. This is a wise provision of the constitution, and was intended to avoid that confusion which would inevitably follow, if an act or section could be revised or amended by mere reference to the title, or section, or word, or line, as to which the change was intended to be made; for after repeated amendments so made the statute law would be rendered so ambiguous and imperfect, and in the course of time, would require the examination of so many enact-

ments to ascertain what statutes were in force, as to render any satisfactory determination or conclusion exceedingly difficult if not impossible.

Such revisions and amendments by mere reference to title, however, not only render the statute law difficult of construction, but they are calculated to confuse and mislead the public, and are therefore inimical to business transactions and the interests of the people. So, they have a tendency to encourage improvident legislation, by misleading the average legislator, who, because of numerous additions, insertions or substitutions, made with mere reference to the old statute or section, is unable to ascertain what the exact state of the law is, and yet it is of the highest importance that every member of the legislature shall have a correct understanding of what the existing law is before he attempts to revise or amend it. This fact was doubtless recognized by the framers of the constitution who evidently intended the provisions, above quoted, as a remedy for the evils referred to. Therefore, when an act or a section is revised or amended, the same must be complete within itself, so that when published as revised or amended it will contain all the law upon the subject embraced in the act or section, and any matter, contained in the old statute or section, which is not contained in the new ceases to have the force of law, except as to past transactions. Suth., Stat. Const. Sec. 131; *Blackmore* v. *Dolan*, 50 Ind. 194; *Dod* v. *The State*, 18 Ind. 56.

If then c. 56, Laws 1899, were in no respect violative of any constitutional provision, it would contain all the law upon the subject embraced therein, and the old law respecting prosecutions for crimes, according to the terms of which the county attorney was to file all informations, would cease to exist, but an examination and comparison of that chapter with the various sections of the Revised

Statutes, referred to in the title of the act which forms the chapter, clearly reveals the fact that the legislature attempted to change an existing law without pursuing the method pointed out by the fundamental law, and the changes made are, therefore, in violation of it. In no other light can this legislation be regarded than as an effort to amend those sections of the Revised Statutes by transferring some of the duties imposed, by an existing law, upon the county attorney, to another and different officer. This might have been accomplished had the mode pointed out by the fundamental law been followed, and the sections amended stated in full and published at length in the amending act. As this was not done, and since the positive mandate of the constitution was violated by not following the method prescribed in relation to revisions and amendments of existing laws, so much of chap. 56, as attempts to confer the power to file informations in criminal prosecutions upon a district attorney, when the old law made it incumbent upon the county attorney to file such informations, must be held to be without force or effect.

We do not think the whole act is necessarily void. The main subject of the act is independent, embracing matter not previously legislated upon and properly described in the title. It is a new subject and makes a new enactment. The foreign matter consists of the amendatory portion of the act, and may be readily separated from the main subject and rejected so as to leave a sensible and complete enactment which may be executed. Where a portion of an act is unconstitutional and such portion can be rejected, and the remaining portion is properly indicated by the title and forms a complete enactment in itself, capable of being executed according to the manifest intention of the legislature, independently of the part stricken

out, such remaining portion must be sustained. Suth. Stat. Const. Sec. 103; Cooley, Const. Lim. 177-178; *Davis v. The State*, 7 Md. 151; *State v. Becker*, 51 N. W. R. 1018; *Ritchie v. Richards*, 14 Utah, 345.

We are of the opinion that the act of 1899, in so far as it is amendatory of Secs. 633, 2061, 2449, 4692 and 4693 of the Revised Statutes, is void; that the district attorney, whose office was created by that act, had no power to sign and file the information in this case; that he, and not the county attorney, having signed and filed the information under which the defendant was prosecuted, the court acquired no jurisdiction to try the case; and that the conviction and sentence of the prisoner are void. Having taken this view, we do not deem it important to decide any other question presented in the record. The case must be reversed and remanded to the court below to be disposed of as required by law.

It is so ordered.

MINER, J. and BASKIN, J. concur.