State v. Buker.

under its authority this case must be reversed and remanded to the court below to be disposed of in accordance with law.

It is so ordered. *Baskin, J.,* and *Hart, District Judge,* concur.

## THE STATE OF UTAH, Respondent, v. ERNEST BUKER, Appellant.

Decided February 20, 1901.

Appeal from the Fourth District Court, Utah County.— *Hon. John E. Booth,* Judge.

Defendant was prosecuted and convicted of the crime of adultery and appealed to the Supreme Court, claiming that the trial court was without jurisdiction, the information against him having been filed by the district attorney instead of the county attorney.

REVERSED ON AUTHORITY OF STATE v. BEDDO, 22 UTAH 432.

*J. W. N. Whitecotton, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *W. R. White, Esq.,* Assistant Attorney-General, for the State.

BARTCH, J.—The defendant was prosecuted for and convicted of the crime of adultery, and after having been sentenced to the penitentiary, he appealed to this court. The contention of the prisoner here is that the court had no jurisdiction to try the case, because the district attorney, instead of

the county attorney, filed the information, under which he was convicted and sentenced. This contention is tenable. The record shows that the district attorney did file the information. This, that officer had no authority to do, and, therefore, the court acquired no jurisdiction of the cause and its judgment was void. This same question here presented was decided in the case of State v. Beddo, 22 Utah 432, 63 Pac. Rep. 96, and State v. Morrey, 23 Utah 273, decided at the present term, and, on the authority of those cases, this one must be reversed and remanded to the court below, to be disposed of as required by law.

It is so ordered. *Baskin, J.,* and *Hart, District Judge,* concur.