THE STATE OF UTAH, Respondent, v. FRED J. McNALLY, Appellant.

Decided February 21, 1901.

Appeal from the Fifth District Court, Beaver County.—
*Hon. E. V. Higgins,* Judge.

Defendant was prosecuted for and convicted of the crime of arson and appealed to this court, claiming that the trial court was without jurisdiction, the information against him having been filed by the district attorney instead of the county attorney.

REVERSED ON AUTHORITY OF STATE v. BEDDO, 22 UTAH 432.

*W. F. Knox, Esq.,* for appellant.

State v. Graham.

Hon. M. A. Breeden, Attorney-General, and W. R. White, Esq., Assistant Attorney-General, for the State.

BARTCH, J.—The defendant was prosecuted for and convicted of the crime of arson, and was sentenced to a term of fourteen months in the State prison. He thereupon appealed, and now challenges the legality of his conviction and sentence, on the ground that the court had no jurisdiction to try the case. The appellant's contention must be sustained. The record shows that the district attorney and not the county attorney signed and filed the information under which the prosecution was conducted. This the district attorney had no power to do, and consequently the court acquired no jurisdiction. Its judgment is, therefore, void. The same question here presented, and which is no longer an open one in this court, was decided in the case of State v. Beddo, 22 Utah 432, 63 Pac. Rep. 96, and on the authority of that case this one must be reversed. See, also, State v. Morrey, 23 Utah 273, and State v. Buker, 23 Utah 276, both decided at the present term.

The case is reversed and the cause remanded to the court below to dispose of it as by law is required. Baskin, J., and Hart, D. J., concur.