# THE STATE OF UTAH, Respondent, v. JESSE REYNOLDS, Appellant.

## No. 1322.    (66 Pac. 614.)

1. **Information: Time of Filing: Delay: Excuse.**

Revised Statutes, section 4692, provides that within thirty days after the commitment of an accused by a magistrate, the county attorney shall file an information against him, and that a county attorney failing to file the information as required shall be deemed guilty of contempt. Constitution, article 1, section 12, guarantees an accused a speedy trial, and Revised Statutes, section 5065, enumerating in what cases a prosecution shall be dismissed for failure to prosecute, does not provide that a prosecution shall be dismissed for failure to file an information as required by section 4692. *Held*, that the fact that an information was not filed within thirty days, as required by the statute, does not entitle the defendant to a discharge, where good cause is shown for delay in the prosecution.

2. **Same.**

Where it appeared that within thirty days from the time of the commitment of the accused, an information was filed by the district attorney instead of the county attorney, pursuant to chapter 56, Session Laws 1899, and the defendant was prosecuted, but his conviction held illegal, and thereafter various informations were filed by the district attorney under the latter statute, until the decision of the Supreme Court to the effect that that portion of chapter 56 conferring power to file an information on the district attorney was void, whereupon an information was filed by the district attorney under Session Laws 1901, chapter 28, providing the district attorney shall file an information within thirty days after the commitment, good cause existed for the delay in not filing the latter information within thirty days after commitment.

3. **Statutes: Passage: Time of Taking Effect.**

Constitution, article 6, section 25, provides that all acts shall be officially published, and no act shall take effect until so published, nor until sixty days after the adjournment of the session at which it is passed, "unless the Legislature by a vote of two-thirds

of all the members, shall otherwise direct." *Held,* that the subordinate clause introduced by the conjunction "unless" was intended to modify both of the clauses preceding it, and where it was provided that a statute should take effect upon approval, it became operative immediately on approval without previous publication.

(Decided November 13, 1901.)

Appeal from the Seventh District Court, Sanpete County.— *Hon. Jacob Johnson,* Judge.

The defendant was prosecuted for, and convicted of, the crime of "having sexual intercourse with a female person over the age of thirteen years, and under the age of eighteen years." Upon having been sentenced to imprisonment for a term of two years, he appealed.

AFFIRMED.

*Soren X. Christensen, Esq.,* and *Ferdinand Ericksen, Esq.,* for appellant.

We contend that the district attorney had no power or authority to sign and file the information upon which this defendant was tried and convicted May 16, 1901, for the following reason:

This court held in the Beddo case, that so much of chapter 56, Session Laws of 1899, as attempts to confer the power to file informations in criminal prosecutions upon a district attorney is without force or effect.

Therefore, the only person authorized to file informations, until chapter 28, Session Laws of 1901, took effect, would be the county attorney.

The information upon which this defendant was tried and convicted the last time, was filed by the district attorney, April 24, 1901.

Chapter 28, Session Laws 1901, conferring power upon district attorneys to file informations, was passed and approved on the seventh day of March, 1901, which act was to take effect upon approval. This act was first officially published on the thirteenth day of May, 1901. Certificate of Authentication, Session Laws, 1901; In re Boyle, 9 Wis. 264; State v. Foote, 11 Wis. 15; Berliner v. Waterloo, 14 Wis. 378; Clark v. Janesville, 10 Wis. 119.

Article 6, section 25, of the State Constitution, is as follows:

"Sec. 25. [When acts take effect.] All acts shall be officially published, and no act shall take effect until so published, nor until sixty days after the adjournment of the session at which it passed, unless the Legislature by a vote of two-thirds of all the members elected to each house, shall otherwise direct."

What was intended by the constitutional convention in enacting this section? "All acts shall be officially published," is the first clause of the section, and undoubtedly is imperative but does not limit the publication to any time. Then to make it certain as to when an act shall take effect, the next clause, "and no act shall take effect until so published," was inserted.

By a careful study of the entire section it seems plain to us that that part of the section empowering the Legislature to otherwise direct, has reference to the time only when an act shall take effect, but does not empower the Legislature to dispense with publication. In other words, the Legislature may fix the time when an act shall go into effect, but it can not dispense with the official publication before it so goes into effect. The State v. Donehey, 18 Iowa 396, Tredway v. Gapin, 1 Black'f. (Ind.) 299; Parkinson v. The State, 14 Md. 184.

Constitutional provisions are absolutely mandatory and can in no case be regarded as directory merely, to be obeyed or not within the discretion of either or all of the departments of

the government.    Art. 1, sec. 26, Constitution of Utah; Hunt v. State, 22 Tex. App. 396; In re Richardson, 2 Story 576.

It therefore follows that the district attorney was without power to file the information, and that the whole proceeding was without authority of law.

*Hon. M. A. Breeden*, Attorney-General, and *Hon. W. R. White*, Deputy Attorney-General, for the State.

Counsel for defendant rely on section 4692 to sustain their position.    This section directs the district attorney to file the information within thirty days after examination and commitment proceedings, and makes him guilty of contempt for not doing so within thirty days, but it gives the defendant no right to have the proceedings and action discharged. The cases cited by defendant (48 Pac. and 24 Pac.), were decided on section 1382, California statute, which provides that the action shall be dismissed unless information is filed within thirty days. Our statute, although copied from the California statute (sec. 4692), was changed so that no dismissal of the action was provided for, but a punishment of the district attorney for contempt in neglecting or refusing to file the information was provided in this section.    State v. Endsley, 19 Utah 480.

The appellant claims that W. D. Livingston had no authority, on April 24, 1901, to sign the information upon which defendant was tried and convicted.    It is admitted that the law of 1901 authorized him to do so, but it is claimed that it had not then gone into effect, because it had not been published. It is undenied that there was an emergency clause passed by two-thirds of the members of both houses of the Legislature, which made the act to take effect when signed by the Governor. It is still claimed that it should be published before it became operative.

By reading article 6, section 25 of the Constitution, the meaning seems plain that a law takes effect at once if so di-

rected in the act, and if passed by two-thirds of the members of both houses.

The Wisconsin decisions, referred to in appellant's brief, do not consider the question of the emergency clause, or that a statute has been passed by two-thirds of both houses, and provides that the law shall take effect when signed by the Governor. It simply decides that an ordinary law must be published to be operative.

BARTCH, J.—The defendant, it appears, was prosecuted for, and convicted of, the crime of "having sexual intercourse with a female person over the age of thirteen years, and under the age of eighteen years." Upon having been sentenced to imprisonment in the state prison for a term of two years, he appealed to this court.

The appellant, among other things, contends that his conviction was unlawful, because secured under an information filed more than thirty days after the filing of the commitment by the committing magistrate. It is insisted that this was in violation of section 4692, Revised Statutes, which reads: "When a defendant has been examined and committed as provided in this code, it shall be the duty of the county attorney, within thirty days thereafter, to file in the district court of the county in which the offense is triable, an information charging the defendant with the offense for which he is held to answer, or any other offense disclosed by the testimony, whether it be the offense charged in the complaint on which the information was held or not. If the county attorney fails to file the information within the time specified, he shall be deemed guilty of contempt, and may be prosecuted for neglect of duty as in other cases." This statute clearly makes it the duty of the county attorney to file an information within thirty days after the examination and commitment of a defendant by a magistrate, charging him with the offense for which he

24 Utah—3

is held to answer, or with any other offense disclosed by the testimony.  The performance of this duty is not discretionary with the attorney, but is imperative, and a willful violation of the statute in this regard would render the attorney liable to punishment for contempt or to prosecution for neglect of duty.  A person charged with a crime has the constitutional right (Const. art. 1, sec. 12) "to have a speedy public trial by an impartial jury," and neither the prosecuting attorney nor the court has any discretionary power to deny him that right.  While all this is true, still the mere fact that the information was not filed within the thirty days after examination and commitment does not, of itself, entitle the defendant to a discharge.  Nor does the statute so provide.  Where good cause appears for delay in prosecuting, the prisoner can not be heard to complain.  This is clear from an examination of section 5065, Revised Statutes, which specifies the cases where the defendant has the right to have the prosecution dismissed.  The question, then, is, was there good cause, or a legal excuse, for the delay in filing the information in the present instance.  We are of the opinion that this question must be answered in the affirmative.  From the record it appears that the first information was filed in this case within thirty days from the time of commitment, by the district instead of the county attorney, pursuant to chapter 56, Session Laws 1899.  Under that information the defendant was prosecuted and convicted, but, upon his motion in arrest of judgment, the conviction was held illegal and void.  Thereafter various informations were filed by the district attorney, under chapter 56, and proceedings were had, until the decision of this court in the case of State v. Beddo, 22 Utah 432, 63 Pac. 96, when it was ascertained that the district attorney had no power to file informations in criminal cases; that portion of chapter 56, conferring such power on such officer having therein been declared void.  Thereupon the information complained of herein was filed, which again resulted in the con-

viction of the defendant. Without further reference to the facts and circumstances, it is clear, from an examination of the record, that good cause existed for the delay in this prosecution, and that the fact that the present information was not filed within thirty days after commitment can not be of avail to the appellant.

It is also contended that the district attorney had no power or authority to file the information under which the defendant was finally convicted and sentenced to imprisonment. That information was filed April 24, 1901, pursuant to the act approved March 7, 1901 (chapter 28, Sess. Laws 1901); but it is claimed that, under our Constitution, that act had not taken effect at the date of the filing of the information, because it had not been published, and that, therefore, the prosecution was unauthorized. The Constitution, in article 6, section 25, provides: "All acts shall be officially published, and no act shall take effect until so published, nor until sixty days after the adjournment of the session at which it passed, unless the Legislature by a vote of two-thirds of all the members elected to each house, shall otherwise direct." Under this provision it is insisted that, notwithstanding an emergency may exist, no act of the Legislature can take effect until the same has been officially published. We do not regard such a construction warranted by the language used, nor as in harmony with the intent of the framers of the Constitution; their evident design, as appears from the context, having been to empower the Legislature, in the case of any emergency existing warranting it, to make provision in an act to take effect immediately upon its approval. The subordinate clause introduced by the conjunction "unless" was doubtless intended to modify both of the clauses immediately preceding. The meaning, therefore, is that no act shall take effect until officially published, unless the Legislature, by a two-thirds vote, shall otherwise direct, nor shall any act take effect until sixty days after the adjournment of the session at which

it passed, unless the Legislature likewise shall otherwise direct. In the act in question it was provided that it should take effect upon approval. It was approved March 7, 1901, and immediately became operative, and was, therefore, in effect on April 24, 1901, when the last information herein was filed, although it had not previously been published. It follows that the district attorney was the proper officer to file the last information, because the person designated in the act to perform that duty. Thereafter the court had jurisdiction to proceed with the trial of the case, and from the record the conviction appears to be lawful. The other points presented are not, in view of the facts disclosed, deemed of sufficient importance to require separate discussion, no reversible error appearing.

The judgment is affirmed.

MINER, C. J., and BASKIN, J., concur.