## CONNORS v. PRATT, Warden of State Prison.

No. 2176.    Decided November 26, 1910 (112 Pac. 399).

1.  HABEAS CORPUS—QUESTIONS REVIEWABLE—VALIDITY OF COMMIT-
    MENT TO PRISON.  Where petitioner for habeas corpus admitted
    the legality of his commitment to the state prison under a ten
    years' sentence for burglary, but asserted that his commitment
    under a life sentence for murder was invalid, the court would
    determine the legality of the life sentence and dispose of the
    petitioner as justice might require, as required by Comp. Laws
    1907, section 1088, and thereby enable petitioner on the court
    adjudging the life sentence invalid to apply for a reduction
    of the ten years' sentence, as authorized by section 1686x13,
    and thereby enable the state to prosecute petitioner on the
    charge of murder.    (Page 260.)

2.  STATUTES—AMENDMENT—VALIDITY.  Laws 1899, c. 56, is void in
    so far as it authorizes the district attorneys to sign and file
    informations in criminal prosecutions instead of the county
    attorneys, because of an attempt to amend statutes contrary to
    Const., article 6, section 22, providing that no law shall be
    amended by reference to its title only.[1]    (Page 262.)

3.  INDICTMENT AND INFORMATION—INVALID INFORMATION—CONVIC-
    TION—EFFECT.  A conviction based on an information signed
    and filed by the district attorney, pursuant to Laws 1899, c. 56,
    invalid in so far as it authorizes district attorneys to sign and
    file informations instead of the county attorneys, is of no force.
    (Page 262.)

4.  HABEAS CORPUS—CONDITIONAL DISCHARGE.  Where petitioner in
    habeas corpus admitted the legality of his commitment to the
    state prison under a ten years' sentence for burglary, but insisted
    that his commitment under a life sentence for murder was
    illegal, and there was probable cause to believe that a murder
    was committed and that petitioner probably was connected with
    the offense, the court on adjudging the invalidity of the life
    sentence would remand petitioner to the custody of the warden
    under the sentence for burglary to be held on that sentence until
    released by law, and the discharge from the life sentence must
    be conditional only so that at the expiration of the burglary

---

[1] State v. Beddo, 22 Utah, 432, 63 Pac. 96; State v. Morrey, 23
Utah, 273, 64 Pac. 764; State v. Buker, 23 Utah, 276, 64 Pac. 1118;
State v. McNally, 23 Utah, 277, 64 Pac. 765.

sentence, or, at, any time when legally required to do so petitioner must be delivered into the custody of the sheriff to be dealt with according to law under the charge of murder. (Page 263.)

Original petition of habeas corpus by Frank Connors against Arthur Pratt, Warden of the State Prison, for the discharge of petitioner.

PETITIONER REMANDED TO CUSTODY.

*Dale H. Parke* for plaintiff.

*A. R. Barnes* Attorney-General, for defendant.

FRICK, J.

Frank Connors filed his petition in this court praying for a writ of habeas corpus upon the ground that he is illegally restrained of his liberty by Hon. Arthur Pratt, warden of the state prison of Utah. The writ was duly issued and the warden made return thereto, from which it is made to appear that said Connors is held by said warden under two commitments one issued out of the district court of Utah County, dated the 9th day of October, 1899, and the other issued out of the district court of Carbon County, dated the 14th day of October, 1902. The first commitment was issued upon a judgment whereby said Connors was convicted of murder in the first degree for which he was sentenced to life imprisonment in the state prison of Utah. The second commitment was based upon a conviction for burglary upon which he received a sentence of ten years in said prison.

At the hearing the plaintiff, through his counsel, conceded that he was legally held under the judgment convicting him of burglary, but contended that he was illegally held under the judgment convicting him of murder for the reason that the information upon which that judgment is based was signed and filed by the district attorney of the Fourth Judicial District pursuant to chapter 56, p. 77, Laws Utah 1899, which chapter, he contends, is of no force ar effect for the

reason that it was adopted contrary to certain provisions of the Constitution of this state. In view that the plaintiff concedes that he is not illegally restrained of his liberty by the warden upon one of the commitments aforesaid, the Attorney General suggested at the hearing that all that this court can do at this time is to remand the prisoner back into the custody of the warden. Upon the other hand, plaintiff contends that, notwithstanding the fact that he is rightfully held upon one commitment, he nevertheless has the right to have the legality of his first sentence determined by this court.

We are of the opinion that inasmuch, as the plaintiff concedes that the warden is not illegally restraining him of his liberty upon one of the commitments, we might well refuse at this time to examine into the legality of the other. Under our statute (section 1088, Comp. Laws 1907), we are, however, to "dispose of the prisoner as justice mad require." In this connection we remark that in section 1686x13 it is, in substance, provided that the board of pardons is authorized to extend to all convicts who are "sentenced for a period less than life, and who shall not have been guilty of a breach of the rules of discipline of the prison, a reduction of the period of sentence." By the section following the one just quoted from the maximum amount of reduction that the board of pardons may make is specified. Pursuant to the foregoing provisions, the warden of the state prison is required to furnish to the board of pardons a certificate in which the reduction of time to which any convict may be entitled shall be stated, and, if there are no objections to the reduction being granted, the board of pardons orders the convict released from further imprisonment under the sentence. It seems that, while the statute fixes the maximum amount of time that a sentence may be reduced for good conduct, the board nevertheless must determine whether in a particular case such or some other deduction of time less than the maximum shall be allowed or not. As the plaintiff's sentences now stand, both of which are prima facie valid, he is under a life sentence as well as under one for a

shorter period. If the sentence for life is valid, then plaintiff cannot insist upon a reduction of time, because upon a sentence of that character no reduction is legally permissible. If, however, the life sentence is invalid, as hereinafter pointed out, he may be entitled to a reduction upon the ten-year sentence. So long, however, as the life sentence, which is prima facie valid, is not declared to be invalid by some court of competent jurisdiction, that sentence always stands in plaintiff's way, in attempting to have the board of pardons allow him the statutory reduction on the ten-year sentence. This is so because it may be assumed that the board of pardons will not pass upon the legality of the life sentence since it has no power to do so, and, so long as that sentence is in effect, an application for a reduction of time by plaintiff upon the ten-year sentence would be useless.

In view of this anomalous situation, in so far as plaintiff is concerned, and in view of the fact that, although the life sentence may be void, the state may nevertheless prosecute the plaintiff for the crime of murder in case it be determined that he was tried for that crime in a court having no jurisdiction, it seems to us that justice requires that we at this time pass upon the legality of the first commitment, so that in the event that it should be declared void the plaintiff may timely and in a proper manner present the question of the reduction of the ten-year sentence under which he is now held and which would be terminated if the board of pardons reduced that sentence for the maximum period of time fixed by the statute, and, further, that the state may proceed to try the plaintiff upon the charge of murder of which he is now presumed to be innocent until legally tried and convicted by a court having jurisdiction to do so. That a judge or court in passing upon an application for a discharge from imprisonment upon a writ of habeas corpus where it is made to appear that a person is held under two commitments may pass upon the legality of both, notwithstanding that the prisoner concedes that he is legally held under one, is supported by the authorities. The question a long time ago was pre-

sented to the Supreme Court of New York in *Ex parte Badgley,* 7 Cow. 472, where it was held that "where there are two causes of imprisonment, one good and the other invalid, the court may, on habeas corpus, discharge as to the invalid cause, remanding the prisoner as to the other." This doctrine is followed in *Ex parte Gibson,* 31 Cal. 620, 91 Am. Dec. 546. See, also, 23 Cyc. 335; Church on Habeas Corpus, section 293, and notes.

Passing, therefore, to the question of whether the sentence for life is valid or not, we are constrained to hold that that question is no longer an open one in this state. In *State v. Beddo,* 22 Utah, 432, 63 Pac. 96, the constitutionality of that portion of chapter 56, *supra,* by which it was attempted to amend section 4692, Rev. St. 1898, was squarely presented, and this court there held that said chapter was void in so far as it authorized the district attorneys to sign and file informations in criminal prosecutions, instead of the county attorneys, because the amendment was attempted to be made contrary to the provisions of section 22 of article 6 of the Constitution of this state. The Beddo Case has been followed in at least three other cases, namely, *State v. Morrey,* 23 Utah, 273, 64 Pac. 764; *State v. Buker,* 23 Utah, 276, 64 Pac. 1118, and *State v. McNally,* 23 Utah, 277, 64 Pac. 765. In view of those cases, it has become the settled law of this jurisdiction that all judgments of conviction based upon informations signed and filed by the district attorneys, which were filed pursuant to chapter 56, are of no force or effect.

In this case the warden made return that he held the plaintiff under the commitment based upon the judgment for life imprisonment as well as upon the one for burglary. This being so, the prisoner is being illegally held by the warden under the first, but not so under the second commitment. The order, therefore, should be that the prisoner be conditionally discharged from imprisonment under the sentence for life imprisonment, but that he be remanded to the custody of the warden upon the sentence for burglary to be held by the warden upon the sentence until the board of pardons

shall release the prisoner pursuant to the provisions of section 1686x13, *supra;* or until he is otherwise legally discharged from imprisonment. The discharge from the life sentence should, however, not be absolute, but should be conditional only, for the reason that there is probable cause to believe that a crime, to-wit, murder, was committed, and that the plaintiff probably was connected with the offense or has committed the same. (*Ex parte Jones,* 27 Ark. 349; *Ex parte Stow,* 27 Ark. 354; 15 A. & E. Ency. L. [2d Ed.], 209.) At the expiration of the second sentence, therefore, or at any time when legally required to do so, the prisoner should by the warden be delivered into the custody of the sheriff of Utah County to be dealt with according to law.

It is so ordered.

McCARTY, J., concurs.

STRAUP, C. J.

I concur in the result in which it is determined that the petitioner is not unjustly imprisoned nor illegally restrained of his liberty. It was made to appear, and it is conceded by the petitioner, that the warden justly and legally held the petitioner in custody, and restrained him of his liberty, by virtue of a commitment issued upon a proper judgment resulting from the petitioner's trial and conviction of the crime of burglary. A determination that the petitioner was not at the time of his application nor of the hearing unjustly imprisoned or illegally restrained of his liberty, and that he was not entitled to a discharge from the warden's custody, was all that was necessary to a decision of the case. Whether at some time in the future he may be legally or illegally restrained of his liberty by the warden is not now involved.