Marcell GRAHAM, Warden, Utah State
Prison, Appellant,

v.

Phillip THOMPSON, Appellee.

No. 5561.

United States Court of Appeals
Tenth Circuit.

June 25, 1957.

Walter L. Budge, Asst. Atty. Gen., State of Utah (E. R. Callister, Atty. Gen., State of Utah, was with him on the brief), for appellant.

V. G. Seavy, Jr., Denver, Colo. (Phillip Thompson submitted a brief in pro. per.), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

Phillip Thompson, the petitioner herein, an inmate at the Utah State Prison, brought this habeas corpus proceeding against the Warden, seeking his release from the institution upon the grounds that he had served his sentence and was entitled to be discharged.[1] The petition raises the issue of the nature of a prisoner's right to an allowance of the good time provided for by the Utah statutes when, after commission of the crime

---

1. Prior to the institution of this action, the petitioner had unsuccessfully litigated the matter in the Utah State Courts and had exhausted his remedy therein. 352 U.S. 849, 77 S.Ct. 69, 1 L.Ed.2d 60.

charged, the statutes were changed to provide a less liberal schedule for good time. The trial court was of the opinion that regardless of the petitioner's legal right to good time allowances provided for in the Utah statutes, the date of his discharge was actually determined, to his detriment, by the retroactive application of a statute which was enacted after the commission of the offense charged, therefore was a violation of Art. 1, § 10, of the United States Constitution, relating to the passage of ex post facto laws by the different states. This is an appeal from a judgment sustaining the petition and ordering the release of the petitioner.

In July, 1945, the petitioner was convicted of murder in the first degree and sentenced to life imprisonment. Upon appeal the judgment and sentence was reversed and remanded for further proceedings. State v. Thompson, 110 Utah 113, 170 P.2d 153. In December, 1946 petitioner pleaded guilty to second degree murder and was sentenced to be imprisoned for a term of sixteen years.

It is agreed that the statute relating to good time for prisoners which was in effect when the crime was committed and the defendant sentenced was later repealed and a new statute enacted providing for less good time allowance. Utah Code, Ann., 1953, § 77–62–10. It is conceded that if the petitioner is allowed and has a legal right to good time as provided for in the early statute, he has served his sentence and is being unlawfully held. It is the contention of the Warden that the allowances for good time suggested in the statutes are not mandatory or part of a sentence, and a prisoner is not entitled to them as a matter of right; that the statutory good time schedules are no more than guides for the Utah State Board of Pardons and subject to legislative change without detriment to a prisoner; that complete control over such allowances is within the discretion of the Board of Pardons, independent of the statute; and that under the circumstances of this case, a detention within the maximum limits of

the sentence is not unlawful. We agree with this contention.

■■ Art. 7, § 12 of the Utah Constitution creates a Board of Pardons which shall have the exclusive power to commute punishments of prisoners, which is not subject to legislative control. Cardisco v. Davis, 91 Utah 323, 64 P.2d 216; McCoy v. Harris, 108 Utah 407, 160 P.2d 721; State ex rel. Bishop v. State Board of Corrections, 16 Utah 478, 52 P. 1090. The statute in effect in 1946 provided that the Board of Pardons *may* extend to each convict sentenced for any period less than life, the good time provided for in the statute. Com.Laws of Utah, 1943, § 67–0–11. In Connors v. Pratt, 38 Utah 258, 112 P. 399, 400, the court said that "while the statute fixes the maximum amount of time that a sentence may be reduced for good conduct, the board nevertheless must determine whether in a particular case such or some other deduction of time less than the maximum shall be allowed or not". In Cardisco v. Davis, supra, it was stated: "The framers of the Constitution and the people who adopted it saw fit to vest questions of judgment as to reformation, rehabilitation, and fitness to carry and discharge social responsibilities following conviction and incarceration of prisoners in the State Board of Pardons. * * * * Under our Constitution, the statute for good time off cannot be a part of the sentence." [91 Utah 323, 64 P.2d 217.] The question was again before the Supreme Court of Utah in McCoy v. Harris, supra, where it was said [108 Utah 407, 160 P.2d 724.]: " * * * whether plaintiff is entitled to good time allowances as a matter of law, that is, whether the provision of Sec. 67–0–10 and 11, U.C.A.1943, are mandatory on the Board of Pardons, must also be answered in the negative. We have held that since the power to reduce or terminate sentences is exclusive with the Board of Pardons, the Legislature could not reduce the sentences for good conduct. The Board of Pardons has discretion whether or not to allow time off. 'Such allowances sug-

gested by the statute may be helpful guides when no other measure for remission or commutation is available.' * * * ", citing Cardisco v. Davis, supra. In both the McCoy and Cardisco cases, the court refused to prohibit retention of the prisoners beyond the limits of the good time statute. Federal courts, in applying the ex post facto provisions of the Federal Constitution to state laws, must accept the meaning of the state statute as interpreted and acted upon by the courts of the state. Lindsey v. State of Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182; Hebert v. State of Louisiana, 272 U.S. 312, 47 S. Ct. 103, 71 L.Ed. 270; Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369.

■■ The classic definition of an ex post facto law, as stated in Calder v. Bull, 3 Dall. 386, 3 U.S. 386, 1 L.Ed. 648, includes "Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." See also Cummings v. State of Missouri, 4 Wall. 277, 71 U.S. 277, 325, 18 L.Ed. 356; Kring v. State of Missouri, 107 U.S. 221, 2 S. Ct. 443, 27 L.Ed. 506; Thompson v. State of Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061; Lindsey v. State of Washington, supra. It seems quite apparent that regardless of the statute in effect when the petitioner committed the crime and was sentenced, the good time allowances provided therein were not part of his sentence and thus not part of "the law annexed to the crime, when committed". His right to the allowances was within the discretion of the Board of Pardons as a matter of grace. The allowances are not mandatory or of right, and are only guides to the authority of the Utah Board of Pardons, which it may accept, or reject. A legislative change of that guide would not affect a prisoner's sentence and would have no ex post facto application. The rule is correctly stated in 16A C.J.S. Constitutional Law § 444, as follows: "Where an allowance for good behavior is regarded as a right, a statute which may have the effect of depriving a convicted person of such right is ex post facto; but the rule is otherwise where a shortened term for good behavior is regarded as a matter of grace, and not of right." We conclude that the petitioner is not illegally restrained of his liberty.

Judgment reversed and case remanded with instructions to dismiss the petition.