The STATE of Utah, upon the relation of Theodore L. CANNON, County Attorney for Salt Lake County, State of Utah, Petitioner,

v.

The Honorable Peter F. LEARY, District Judge, Third Judicial District Court, Salt Lake County, State of Utah, Respondent.

No. 18272.

Supreme Court of Utah.

May 6, 1982.

---

David L. Wilkinson, Atty. Gen., Salt Lake City, for petitioner.

Daniel G. Darger, Salt Lake City, for Leon Reece.

D. Gilbert Athay, Ronald J. Yengich, Salt Lake City, for Judge Leary.

William R. Hyde, Salt Lake City, for amicus curiae.

HALL, Chief Justice:

Petitioner herein seeks extraordinary relief in the nature of mandamus[1] to compel respondent to vacate his order dismissing an information for lack of jurisdiction, and to set the matter for trial.

On September 16, 1981, defendant Leon W. Reece was charged by an information with the offense of criminal mischief.[2] The information was subscribed and sworn to by James Leary, a police officer, before a circuit judge. On the back side of the information appears the statement, "Authorized for presentment and filing, Ted Cannon, County Attorney," and the personal signature of "James E. Housley, Deputy."

Defendant was arraigned in the circuit court. Thereafter, on November 2, 1981, a preliminary hearing was conducted, the case being prosecuted by a deputy Salt Lake County Attorney. Based upon a finding of probable cause, defendant was bound over for trial in the district court and he was arraigned therein on November 6, 1981.

On February 24, 1982, defense counsel moved to dismiss the information on the ground that it was not "presented and signed by a prosecuting attorney" as required by U.C.A., 1953, 77–1–3(3), and that it was therefore fatally defective. Respondent granted the motion and the subject petition was thereafter filed in this Court.

■ The initial issue presented is whether the matter is properly before us.[3] Respondent dismissed the information for lack of jurisdiction. Therefore, if the ruling was in error, extraordinary relief in the nature of mandamus is appropriate. As was stated in *Herzog v. Bramel*:[4]

When an inferior court or tribunal, having jurisdiction, erroneously rules it is without jurisdiction, and for such reason refuses to hear or proceed with a cause and dismisses it, mandamus is the proper remedy to compel the court to reinstate the cause, assume jurisdiction, and proceed with it.

The availability of the remedy is thus dependent upon a determination of whether the district court had jurisdiction.

In dismissing the information, it appears that respondent viewed the case of *State v. Beddo*[5] as dispositive. In that case, this Court held that the conviction and sentence of a person charged with a crime by an information unsigned by the person designated by law are void for want of jurisdiction in the trial court. The question remains, however, as to who is authorized by law to sign an information.

U.C.A., 1953, 77–1–3(3) defines an information as follows:

"Information" means an accusation, in writing, charging a person with a public offense which is *presented and signed by a prosecuting attorney and filed in the office of the clerk* where the prosecution is commenced or subscribed and sworn to by a complaining witness before a magistrate if the offense is a class B misdemeanor or a lesser offense not requiring approval of the prosecuting attorney. [Emphasis added.]

■ Inasmuch as the foregoing statutory provision is merely a portion of the "definition" section of the Utah Code of Criminal Procedure,[6] we need to consider all other pertinent sections of the Code in order to ascertain the duties imposed upon the prosecuting attorney in initiating prosecutions.[7]

1. Rule 65B, Utah Rules of Civil Procedure.

2. A third degree felony, pursuant to U.C.A., 1953, 76–6–106(1)(c).

3. Respondent contends that "petitioner has another plain, speedy and adequate remedy" consisting of the orderly appeal process from a final judgment.

4. 82 Utah 216, 23 P.2d 345 (1933).

5. 22 Utah 432, 63 P. 96 (1900).

6. U.C.A., 1953, 77–1–3.

7. In interpreting statutory provisions, care must be taken to construe the language used in light of the total context of the legislation. *Cannon v. McDonald*, Utah, 615 P.2d 1268 (1980).

Therefore, each of the following provisions is to be considered as it bears upon the issue presented:

Unless otherwise provided, all offenses shall be prosecuted by indictment or information sworn to by a person having reason to believe the offense has been committed.[8]

(a) Unless otherwise provided, all criminal prosecutions whether for felony, misdemeanor or infraction shall be commenced by the filing of an information or the return of an indictment. Prosecution by information shall be commenced before a magistrate having jurisdiction of the offense alleged to have been committed unless otherwise provided by law.

(b) Unless otherwise provided, no information shall be filed before a magistrate charging the commission of a felony or class A misdemeanor unless the prosecuting attorney shall first authorize the filing of such information. This restriction shall not apply in cases where the magistrate has reasonable cause to believe that the person to be charged may avoid apprehension or escape before approval can be obtained.[9]

Unless otherwise provided by law, no information may be filed charging the commission of any felony or class A misdemeanor unless authorized by a prosecuting attorney.[10]

 In light of the foregoing, it is clear that in the usual case, an information must be "sworn to by a person having reason to believe the offense has been commit-

ted" and "authorized by a prosecuting attorney." The prosecution is required to "screen"[11] and "authorize" the information for the necessary purpose of insuring that the prosecution is warranted and that it is undertaken in good faith. Once the information is authorized, its presentment and filing are not acts which the prosecuting attorney must personally perform. An information is "presented" at such time as it is submitted to a magistrate under such circumstances as would allow the complaining witness to subscribe and swear to the charge set forth therein. In practice, this may be accomplished by any responsible person, including the complaining witness, acting with the knowledge and at the direction of the prosecutor. Thus, when each statutory provision pertaining to the commencement of prosecution is read in light of all the others, and in context, we conclude that the steps required to properly initiate prosecution are: 1) screening of the case by the prosecutor; 2) authorization of the prosecution, evidenced by the signature of the prosecutor affixed to the information; 3) presentment of the information to a magistrate; 4) subscribing and swearing to the information by the complaining witness; and 5) filing of the information with the magistrate or the clerk of the court.

We deem the foregoing analysis to be consistent with prior rulings of this Court[12] and with the rulings in other jurisdictions which have applied comparable statutory provisions[13] in resolving similar issues.[14]

---

8. U.C.A., 1953, 77–35–4(a).

9. U.C.A., 1953, 77–35–5.

10. U.C.A., 1953, 77–2–1.

11. U.C.A., 1953, 77–2–2(1).

12. *State v. Merritt*, 67 Utah 325, 247 P. 497 (1926); *Connors v. Pratt*, 38 Utah 258, 112 P. 399 (1910); *State v. McNally*, 23 Utah 277, 64 P. 765 (1901); *State v. Morrey*, 23 Utah 273, 64 P. 764 (1901); *State v. Buker*, 23 Utah 276, 64 P.2d 1118 (1901); *State v. Beddo, supra*, footnote 5.

13. Rules comparable to the Utah rules discussed herein appear in: Pennsylvania Rules of Criminal Procedure, Rule 225(b); 22 Oklahoma

Statutes, § 303 (1980); Federal Rules of Criminal Procedure, 18 U.S.C.A., Rule 7(c) (1979).

14. *United States v. Walls*, 577 F.2d 690 (9th Cir. 1978); *Gage v. Jordan*, 23 Cal.2d 794, 147 P.2d 387 (1944); *People v. Audi*, 61 Ill.App.3d 483, 18 Ill.Dec. 761, 378 N.E.2d 225 (1978); *People v. Billings*, 52 Ill.App.3d 414, 9 Ill.Dec. 903, 367 N.E.2d 337 (1977); *Korn v. State*, 269 Ind. 181, 379 N.E.2d 444 (1978); *Brown v. State*, Ind.App., 403 N.E.2d 901 (1980); *State v. Refuge*, La., 300 So.2d 489 (1974); *State v. Hinckley*, 4 Minn. 345 (1860); *Sam v. State*, 510 P.2d 978 (Okla.Crim.App.1973); *Coffer v. State*, 508 P.2d 1101 (Okla.Crim.App.1973); *Weeks v. State*, 88 Okla.Crim. 291, 202 P.2d 1005 (1949); *Landon v. State*, 82 Okla.Crim. 336, 166 P.2d 781 (1946); *Commonwealth v.*

In the instant case, following a screening process, the information was authorized, prepared in the office of the Salt Lake County Attorney, and signed by a deputy prosecutor. The investigating officer thereafter presented the information to a magistrate and signed it under oath, and it was filed. That procedure fully complies with the applicable statutory directives and it effectively conferred jurisdiction upon respondent. Therefore, he erred in dismissing the information.

Defendant's remaining contention is that the prosecutor's authorization and signature appearing as it does on the reverse side of the information constitutes an "endorsement" rather than a "signature." Although the practice of affixing the authorization and signature on the reverse side of the information violates the rules of procedure [15] which limit impressions to one side of the paper only, it does not rise to the magnitude of depriving the court of jurisdiction. To the contrary, the information, as drawn, adequately served its primary purpose, which was to put the defendant on notice of the charges leveled against him.[16]

The writ is hereby granted. Respondent is directed to vacate his order which dismissed the information and to set the case for trial.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

*Contakos,* 492 Pa. 465, 424 A.2d 1284 (1981); *Commonwealth v. Levenson,* 282 Pa.Super.Ct. 406, 422 A.2d 1355 (1980); *Commonwealth v. Belcher,* 258 Pa.Super.Ct. 153, 392 A.2d 730 (1978).

15. Rule 10(d), Utah Rules of Civil Procedure, also applicable to criminal proceedings.

16. As required by U.C.A., 1953, 77–1–6(1)(b).