STATE of Utah, Plaintiff and Respondent,

v.

Jerry Verne STRAND, Defendant and Appellant.

No. 18542.

Supreme Court of Utah.

Nov. 14, 1983.

---

Daniel L. Berman, Ross C. Anderson, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

We granted defendant's petition to bring this interlocutory appeal from the denial of his motion to dismiss a criminal information on the ground that the applicable four year statute of limitations had run on the offense charged.

On August 24, 1981, an information (the August information) was filed against defendant charging him with making false material statements under oath on January 18, 1978 in violation of U.C.A., 1953, § 76–8–502(1). Preliminary hearing was scheduled for December 15, 1981. Trial was set for January 13, 1982, five days before the statute of limitations would have run but for the filing of the information. At the specific instance and request of defendant, arraignment was postponed until January 29, 1982, eleven days after the statute of limitations would have run but for the filing of the information. On that date defendant moved the court to dismiss the information against him on the ground that it was not signed by the prosecuting attorney as required under Utah law, and that the court was therefore without jurisdiction. The motion was taken under advisement and subsequently granted on February 24, 1982. No appeal was taken from that ruling.

On February 26 a new information (the February information) was filed charging the same violation, bearing the date of the offense, but stating no exception why the statute of limitations did not apply. Defendant moved to dismiss that information on the ground that it was fatally defective on its face and that prosecution of the offense was barred by the applicable four year statute of limitations. Section 76–1–302(1)(a). That motion was denied, and the petition for this interlocutory appeal was granted by this Court.

Defendant contends that the motion to dismiss should have been granted on the grounds (1) that the August information was void ab initio and thus did not toll the four year statute of limitations, and (2) that the February information was fatally defective and should have been summarily dismissed.

■ Under Utah law all criminal prosecutions "shall be commenced by the filing of an information or the return of an indictment. Prosecution by information shall be commenced before a magistrate having jurisdiction of the offense alleged ..." U.C.A., 1953, § 77–35–5(a). See also § 76–1–302(2). Prosecution for felonies may not be commenced "unless the prosecuting attorney shall first authorize the filing of such information." Section 77–35–5(b); Section 77–2–1. The filing of an information commences the action and thus tolls the running of the applicable statute of limitations. See *State, ex rel. Cannon v. Leary,* Utah, 646 P.2d 727 (1982), citing

Pennsylvania, Oklahoma and Federal Rules of Criminal Procedure as comparable to Utah's. *Id.* at 730, n. 13.

Nonetheless, defendant contends that the absence of the prosecuting attorney's signature rendered the August information null and void, so that in effect no prosecution was ever commenced at that time. Defendant cites us to *State, ex rel. Cannon v. Leary,* supra, where we concluded that the steps required to properly initiate prosecution were:

(1) screening of the case by the prosecutor;

(2) authorization of the prosecution evidenced by the signature of the prosecutor affixed to the information;

(3) presentment of the information to a magistrate;

(4) subscribing and swearing to the information by the complaining witness;

(5) filing of the information with the magistrate or the clerk of the court.

*Id.* at 730.

Inasmuch as no appeal was taken from the dismissal of the August information, the propriety of that dismissal is not before us and we express no opinion upon it. We address instead only the contention of the defendant that the information was void ab initio and that therefore the statute of limitations continued to run on the offense charged.

Defendant cites two cases from comparable jurisdictions in support of his argument that a document lacking the signature of a prosecuting attorney cannot be an information, *Edwards v. State,* Okl.Cir., 307 P.2d 872 (1957) and *Com. v. Belcher,* 258 Pa.Super. 153, 392 A.2d 730 (1978). Edwards dealt with two issues, the absence of a signature on an information and the insufficiency of that same information to charge the defendant with a crime. It is not clear from that case on what grounds it was reversed, as the court found it necessary to address the substance of the charge, and we decline to follow that case for those reasons. *Com. v. Belcher,* supra, on the other hand is directly on point. There an information

with no signature at all by the district attorney was held to be void ab initio. However, that case was later expressly overruled by *Com. v. Veneri,* Pa.Super., 452 A.2d 784 (1982), and the holding of that case is dispositive here. Addressing the issue of whether the absence of a required signature renders an information void ab initio or merely voidable, the court at 788 stated as follows:

> [W]e believe that Belcher is incorrect law and must be overruled. We instead hold that the signature requirement of Pa.R. Crim.P. 225(b) is directory only and that its absence renders an information merely voidable and curable by amendment if properly raised in a pretrial motion to quash. Pa.R.Crim.P. 306.

The court then advanced a two-fold rationale for its holding:

> First, it is clear that the absence of a signature does not prejudice the defendant in his preparation for trial. Secondly, it is unrealistic to assume that Pa.R. Crim.P. 225(b) intended the signature of the attorney for the Commonwealth to be the exclusive deliberative act which charged the defendant and that its absence annuls the validity or integrity of an otherwise untainted prosecution process.

*Id.* That reasoning is supported by our own statutes as well as case law from other jurisdictions. Utah Rules Crim.Proc. 4(d) permits the amendment of an information "at any time before verdict if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." Rule 30 provides that "[a]ny error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded."

The State claims that Rule 12(f) of the Utah Rules of Criminal Procedure mandates the tolling of the statute of limitations in this case. That rule reads:

> If the court grants a motion based on a defect in the institution of the prosecution or in the indictment or information, it may also order that bail be continued for a reasonable and specified time pend-

ing the filing of a new indictment or information. *Nothing in this rule shall be deemed to affect provisions of law relating to a statute of limitations.* (Emphasis added).

The last sentence of Rule 12(h) of the Federal Rules of Criminal Procedure, which is substantively identical to Utah's Rule 12(f), was clarified in the Notes of the Advisory Committee on Federal Rules of Criminal Procedure as follows:

> The last sentence of the rule that "[n]othing in this rule shall be deemed to affect the provision of any Act of Congress relating to periods of limitations" is intended to *preserve* the provisions of statutes which permit a reindictment if the original indictment is found defective or is dismissed for other irregularities and the statute of limitations has run in the meantime. (Emphasis added).

As no express tolling statutes are involved here, that rule is not germane in resolving the issue to be decided by us.

The State also relies upon *State v. Stewart,* Vt., 438 A.2d 671 (1981) to support its contention that the statute of limitations was tolled by the filing of the information, although it was later dismissed. There, indictments made against the defendants by a grand jury were dismissed. A few days later the State issued an information recharging the defendants who then claimed that the statute of limitations had run because it had not been tolled by the defective indictments. The court held that the indictments, although invalid, served to toll the statute. It noted that the cases on the subject turn on the wording of the applicable statute of limitations. Said the court at 675:

> In states in which the statute provides that the prosecution must be "commenced" within a certain period of time, the cases hold that the running of the statute is interrupted by the filing of an indictment or information and does not begin to run again unless and until the indictment is dismissed. E.g., *Davenport v. State,* 20 Okl.Cr. 253, 202 P. 18 (1921);

> *Hickey v. State,* 131 Tenn. 112, 174 S.W. 269 (1915).

The court noted that Vermont's statutes (like Utah's) were of that type and that because they did not expressly require the presentation of a valid indictment or information, the court would not impose that requirement. It relied on federal case law, including *United States v. Grady,* 544 F.2d 598 (2d Cir.1976) which held that indictments which are later dismissed do toll the statute because the defendants are put on timely notice that they will be called upon to account for their activities and should prepare a defense.

Defendant urges us to follow *State v. Silver,* 239 Or. 459, 398 P.2d 178 (1965), where the court arrived at a different conclusion, but likewise observed that "divergent results reached by different state jurisdictions rest on construction of statutes which determine when a prosecution is deemed commenced." *Id.* at 179. The court held that because Oregon had no express statute to the contrary, the filing of an indictment by a grand jury with the clerk of the court upon which no conviction or judgment can be had by reason of its dismissal will not operate to bar the operation of the statute of limitations. The court, however, distinguished that rule from the one obtaining in Oklahoma, where a prosecution is commenced at the time the preliminary complaint or information is filed with the magistrate, as is the requirement under Utah law. "[U]nder such statutes the dismissal of an indictment because of defect is but an interim occurrence in the course of a prosecution commenced with the filing of a complaint and issuance of a warrant." *Id.*

■ We find that well reasoned authority supports the conclusion that the August information, although later dismissed because it lacked the signature of the prosecuting attorney, served to toll the statute of limitations which did not resume running until February 24, 1982, the date of the dismissal.

■ We next address defendant's claim that the February information filed two

days after the August information was dismissed should have been summarily dismissed because on its face it appeared that the statute of limitations had run. In denying defendant's motion to dismiss, the trial court in its memorandum decision stated, inter alia, that under *State v. Stewart,* supra, and other case law "the filing of [the August] information tolls the running of the statute of limitations so as to extend it for the remaining period and I so rule." Inasmuch as we here affirm that ruling for the reasons stated above, we need to consider only whether a facially defective information must be dismissed or whether it may be amended. We hold that the appropriate remedy is amendment of the information.

Defendant has supplied us with a plethora of cases which at first blush show an overwhelming trend to dismiss all facially defective informations. A closer look, however, reveals that they may not be lumped together simply because they resulted in dismissal, but must instead, be rubricated into discrete groups. The great majority of cases cited by defendant deals with charges *originally* barred by the applicable limitation period. *People v. Chadd,* 28 Cal.3d 739, 170 Cal.Rptr. 798, 621 P.2d 837 (1981), citing *People v. McGee,* 1 Cal.2d 611, 36 P.2d 378 (1934). See also *Bustamante v. District Court of Third Judicial Dist.,* 138 Colo. 97, 329 P.2d 1013 (1958); *People v. Hoffman,* 132 Cal.App. 60, 22 P.2d 229 (1933). In other cases, *original* indictments failed to indicate why the statute was tolled so that the tolling constituted an element of the offense requiring the defendant to prepare his defense against it. *Com. v. Bender,* 251 Pa.Super. 454, 380 A.2d 868 (1977); *In Re Demillo,* 14 Cal.3d 598, 121 Cal.Rptr. 725, 535 P.2d 1181 (1975); *People v. Munoz,* 23 Ill.App.3d 306, 319 N.E.2d 98 (1974); *Parr v. State,* Tex.Or.App., 307 S.W.2d 94 (1957), or the charge failed to allege the commission of an offense. *People v. Isaacs,* 37 Ill.2d 205, 226 N.E.2d 38 (1967); *Dixon v. State,* 111 Ga.App. 556, 142 S.E.2d 304 (1965). Some state statutes require specific allegations, rendering those cases inapposite here. *People v. Strait,* 72 Ill.2d 503, 21 Ill.Dec.

365, 381 N.E.2d 692 (1978), date of offense must be stated as specifically as possible; *Cooper v. State,* Tex.Cr.App., 527 S.W.2d 563 (1975), tolling must be alleged to extend period; *State v. Comstock,* 205 Tenn. 389, 326 S.W.2d 669 (1959), tolling statute for defects must be pled; *Hodges v. State,* 214 Ga. 614, 106 S.E.2d 795 (1959), reason for abandoning original indictment required to be shown in new indictment. Yet other cases cited by defendant were dismissed for trial irregularities, and not for defects in the institution of the charges. *State v. Fowler,* Del.Sup., 194 A.2d 558 (1963), insufficiency of evidence tolling statute resulted in dismissal; *State v. Crank,* 105 Utah 332, 142 P.2d 178 (1943), prejudicial error to instruct on lesser included offense of manslaughter which was barred when the original action was commenced; *Hollingsworth v. State,* 7 Ga.App. 16, 65 S.E. 1077 (1909), evidence inadmissible where original indictment was not pled. The remaining cases relied upon by defendant as pertaining to facial invalidity of information or indictment were remanded by the appellate courts for further proceedings and not dismissed. *Akers v. State,* Fla.App., 370 So.2d 81 (1979), dictum; *People v. Ross,* 325 Ill. 417, 156 N.E. 303 (1927); *R.M. Hughes & Co. v. Com.,* Ky.Law Rep., 101 S.W. 1194 (1907); *Combs v. Com.,* 119 Ky. 836, 84 S.W. 753 (1905).

In *People v. Chadd,* supra, where the court reaffirmed a state rule of a half-century that the statute of limitations was jurisdictional and thus allowed a defendant to allege the running of the statute for the first time after trial, the propriety of amendment was reasoned as follows:

There is not merit, however, in defendant's further contention that on remand these counts cannot be amended to allege facts tolling the statute. [Citation omitted.] Our reversal of the judgment on these counts, of course, "remands the cause for new trial and places the parties in the trial court in the same position as if the cause had never been tried." [Citations omitted.] After entry of plea, an accusatory pleading may be amended

with leave of court "for any defect or insufficiency, at any stage of the proceedings"—including, therefore, on remand after reversal—provided the amendment does not "change the offense charged" or otherwise prejudice the substantial rights of the defendant. [Citation omitted.] An amendment adding allegations tolling the statute of limitations does not "change the offense charged" [Citations omitted.]; and there is neither claim nor showing that such an amendment would prejudice the substantial rights of this defendant, who has been aware of these charges at all times . . . .

Our own U.R.Crim.P. 4(d), of course, is not as comprehensive as it allows similar amendments only at any time *before* verdict, a narrower power which nonetheless obtains here as no trial has taken place. With that distinction, we conclude that the rationale of *People v. Chadd,* supra, is equally applicable here.

This approach to the distinction between material and immaterial variances between the information and the proof is consonant with case law applying the Federal Rules of Criminal Procedure, after which the Utah Rules of Criminal Procedure are patterned. *United States v. Goldstein,* 386 F.Supp. 833 (1973) explains what rights the rules on the contents of indictments (and inferentially informations), variances and amendments are designed to protect:

> the right under the Fifth Amendment not to be twice put in jeopardy for the same offense, the right under the Sixth Amendment to fair notice of the criminal charge one will be required to meet, and the right granted by the Fifth Amendment, and sometimes by statute, not to be held to answer for certain crimes except upon a presentment or indictment returned by a grand jury. [Footnote omitted.] These rules must be applied in all cases in a way which will preserve these rights from invasion; they should not be applied to defeat justice fairly administered when these rights have not been placed in jeopardy.

The rule that a material variance between the indictment and the proof requires reversal and an immaterial variance does not is founded on the necessity of preserving the first two of these three rights. For this reason, a variance will be considered immaterial in any case in which it appears that the defendant's right to notice and fair opportunity to defend have not been infringed and the record is such as to protect him against another prosecution for the same offense.

■■ The defendant in the instant case was first put on notice of the charges against him when the August information was made known to him. The briefs of the parties would indicate that there was considerable consultation between defendant and his counsel on the one hand and the prosecutor's office on the other. His right to fair notice has not been infringed and he has not been twice put in jeopardy for the same offense. Utah Rules of Criminal Procedure 25(d) specifically allows the filing of new charges under the situation at hand. Public policy considerations require a dismissal of an information which materially varies from the proof to prevent "the prosecution from modifying the *theory* and *evidence* upon which the indictment is based." *United States v. Goldstein,* supra, citing *United States v. Silverman,* 430 F.2d 106, 110 (2d Cir.1970). The theory and evidence upon which the February information relies is identical to that disclosed in the August information and the only defect to be cured is the absence of the exception to the statute of limitations.

The case is therefore remanded to the trial court with instructions to allow amendment by the state to show that the August information tolled the statute of limitations until February 24, 1982, and that the February information which tolled the statute of limitations again was substituted merely to comply with the requirement that the information be signed by the prosecuting attorney. After amendment, the case should proceed to trial on the merits. It is so ordered.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.