### HANSON v. IVERSON, District Court Judge.

No. 3904.   Decided December 21, 1922.   (211 Pac. 682.)

1. MANDAMUS—WILL LIE TO REINSTATE APPEAL IMPROPERLY DISMISSED. Mandamus will lie to reinstate an appeal to a district court improperly dismissed for want of jurisdiction.

2. COURTS—APPEAL MAY BE HAD TO DISTRICT COURT FROM CITY COURT, THOUGH LESS THAN $100 INVOLVED. Under Comp. Laws 1917, § 1717, as amended by chapter 34, Laws 1919, an appeal may be had from a city court to the district court in all cases, the provision relating to appeals involving less than $100 being applicable only to further appeals from the district court to the Supreme Court.

Petition by H. D. Hanson for a writ of mandamus against Hon. G. A. Iverson, Judge of the District Court of Salt Lake County.

WRIT ISSUED.

*Rich & Roberts,* of Salt Lake City, for petitioner.

*K. K. Steffensen,* of Salt Lake City, for defendant.

FRICK, J.

The plaintiff, after notice duly served upon the defendant, filed his application in this court praying for a peremptory writ of mandate against Hon. G. A. Iverson as judge

of the district court of Salt Lake county, hereinafter called defendant, requiring him to reinstate a certain appeal which he had dismissed upon the ground that the district court aforesaid was without jurisdiction to hear and determine.

It has frequently been held by this court that if an appeal be dismissed upon the ground that the district court is without jurisdiction as matter of law when said court has jurisdiction of such appeal, mandamus to reinstate the appeal is the proper remedy. In this case it was held by the defendant that the district court was without jurisdiction for the reason that, under the statute now in force, Comp. Laws Utah 1917, § 1717, as amended by chapter 34, Laws of Utah 1919, no appeal is permitted to the district court from judgments of the city court when the amount in controversy is less than $100. The section relied on by defendant reads:

"From all final judgments of a city court a motion for a new trial may be made, and an appeal may be taken by either party in a civil case, or by the defendant in a criminal case, to the district court of the county, in the manner and with like effect as is now or may be provided by law for appeals from justices' courts in similar cases, and from all final judgments in the district courts, rendered upon such appeals, an appeal may be taken to the Supreme Court in like manner as if said actions were originally commenced in the district court; provided, however, when the amount in controversy does not exceed $100.00, exclusive of costs, that the same shall be final, and no appeal shall lie therefrom; and provided further, that in all cases involving the validity or constitutionality of a statute or ordinance there shall be a right of appeal to the Supreme Court; and provided further, that, the state in state cases, and the city in cases arising under the city ordinances, shall have the right to appeal to the district court in like manner, and upon the same grounds as now provided by chapter 41 of the Code of Criminal Procedure for appeals, in cases arising in the district court."

In our judgment but a very brief analysis of that section is necessary to determine the unsoundness of defendant's contention. It will be observed that the statute (omitting provisions immaterial here) starts out with the following sweeping statement:

"From all final judgments of a city court  *  *  *  an appeal may be taken by either party in a civil case,  *  *  *  to the dis-

trict court of the county, in the manner and with like effect as is now or may be provided by law for appeals from justices' courts in similar cases," etc.

The right of appeal to the district court is thus given "from all final judgments" of the city court. Unless that right is in some way modified or taken away, the right of appeal applies to all cases originating in the city courts. Is the right modified by anything that is subsequently said in the section quoted?

In this connection let it be remembered that according to the statute the right of appeal to the district court is now complete. The statute then proceeds:

"* * * And from all final judgments in the district courts, *rendered upon such appeals,* an appeal may be taken to the Supreme Court in like manner as if said actions *were originally commenced in the district court.*" (Italics ours.)

Then follows the proviso, which reads:

"Provided, however, when the amount in controversy does not exceed $100.00, exclusive of costs, that the same shall be final, and no appeal shall lie therefrom."

To what does the language just quoted refer? It manifestly refers, and can refer, only to the right of appeal last referred to, namely, the appeal from the district court to the Supreme Court. It is manifest that by what is said in the last clause quoted it was not intended to modify the statement that "from all final judgments of the city court an appeal may be taken," etc. That clause remains in full force and effect.

It is again clear that the modification in the last clause relates entirely to appeals from the district courts to the Supreme Court, and the right of appeal to the Supreme Court is limited to cases where the amount in controversy is $100 or more. When we keep in mind the fact that under our Constitution the right of appeal from the justices' courts to the district courts is a constiutional right and applies to all cases, the intention of the Legislature is made clearer still. If defendant's contention should prevail, we would have this anomalous condition: A., who claims $101, would have a right of appeal both to the district court from the

city court and thence to the Supreme Court, while B., who claims any amount less than $100, however small, would be denied all right of appeal, and this, too, in the face of the fact that there is a constitutional right of appeal to the district courts from all final judgments in the justices' courts, which right is also given in plain terms from all final judgments in the city courts "in like manner and with like effect as is now or may be provided by law for appeals from justices' courts."

Without pausing now to enter upon a discussion of the force or effect of provisos generally, we are clearly of the opinion that the statute as it now reads leaves little, if any, room for doubt that it was the legislative intent to give the right of appeal from city courts to the district courts in all cases regardless of the amount in controversy.

In view of what has been said, it follows that the peremptory writ of mandate should issue as prayed for in plaintiff's application. Such is the order. In view, however, that the defendant acted in an official capacity and in perfect good faith, no costs will be awarded to the plaintiff.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.