## RICHARDS et al. v. DISTRICT COURT OF WEBER COUNTY et al.

No. 4590.   Decided May 10, 1928.   (267 P. 779.)

See, also, 63 Utah 298, 225 P. 600.

*J. A. Howell,* of Ogden, for plaintiffs.

*A. G. Horn,* of Ogden, for defendants.

CHERRY, J.

This is an original proceeding by the plaintiffs for a writ of mandate requiring the district court of Weber county, in a certain dissolution proceeding pending before it, to direct the payment to them of interest accruing after a specified date upon their claim against the Weber county irrigation district.

The Weber county irrigation district was an irrigation or water conservation district organized under chapter 68, Laws of Utah 1919. In January, 1925, the plaintiffs commenced an action in the district court of Weber county against the district to recover upon three promissory notes for $2,500 each. An answer was filed in this action by the district, and before the action was tried the board of directors of the district filed an application and petition under chapter 107, Laws of Utah 1925, in the district court of Weber county, for the dissolution of the district.

Public notice was given to creditors to present claims, and plaintiffs filed their claim upon the promissory notes sued on, to which the district filed its written objection and protest.

Thereafter the plaintiffs' action against the district was, upon their own motion, by order of the court, consolidated

with the dissolution proceeding. A separate hearing appears to have been had upon the plaintiffs' claim before the judge of the district court. On March 8, 1926, an order was made and entered in the dissolution proceeding establishing and allowing numerous claims, including the claim of plaintiffs, and ordering an assessment upon the property of the district for the purpose of paying its liabilities and appointing a special master to levy and collect the same. This order recites that—

"In order to arrive at a common date, it is hereby ordered that interest shall be computed to March 8, 1926, and in accordance therewith the court now decrees that there is due upon each claim on March 8, 1926, the following amount."

Then follows a long list of claims, including the plaintiffs' claim, set forth as follows:

"Richards and Mitchell, Prin., $7,500.00. Int., $1,684.37. Atty. fee, $750.00. Total, $9,934.37."

The order further provided:

"That upon the payment of all the claims aforesaid a final order of this court shall be entered dissolving said district," etc.

On March 10, 1926, the plaintiffs and other interested parties to the dissolution proceeding executed and filed therein a written stipulation by which it was agreed, among other things, that the order allowing the plaintiffs' claim should be deemed final and that no appeal should be taken therefrom.

On March 15, 1926, the judge of the district court, at plaintiffs' request and without notice to the district, signed a formal judgment in favor of the plaintiffs and against the district adjudging the plaintiffs' claim up to March 8, 1926, to be the sum of $9,934.37, "with interest at the rate of 8 per cent. from this date until paid." This judgment

differed from the previous order allowing plaintiffs' claim only by the provision for interest at 8 per cent. from date. The judgment, though signed on March 15, 1926, contained a direction that it should be signed, filed, and entered nunc pro tunc as of March 8, 1926, and be effective as of the last-named date.

On July 27, 1926, upon the report of the special master that he had collected, through the assessment ordered, a sufficient sum of money therefor, a dividend of 50 per cent of the claims allowed was ordered by the court, and on December 16, 1926, a similar order was made for a further dividend of 32½ per cent. Payments of appropriate amounts under these orders were made to and accepted by the plaintiffs.

On March 26, 1927, upon the final account, report, and petition of the special master, the court made an order by which the administration of the special master was approved and confirmed, and the special master was authorized and directed to pay in full the remainder of the claims, "as allowed by said court by its order made and entered on the 8th day of March, 1926, without interest after said date," etc.

Thereafter and on March 27, 1927, the special master paid to plaintiffs the sum of $1,738.52, and the plaintiffs executed a voucher for the payment reciting:

"Received of A. G. Berrett, special master, on above claim on final distribution as per court order March 26, 1927. Received $1,738.52 March 27, 1927. Richards & Mitchell by W. J. Mitchell."

It thus appears that the plaintiffs' claim with interest to March 8, 1926, has been paid.

On June 2, 1927, the plaintiffs commenced in this court the present action for a writ of mandate requiring the district court to direct the payment to them by the special master of the sum of $518.60 additional as interest accru-

ing upon their claim from March, 8, 1926, until it was paid. It is alleged by the plaintiffs that on March 26, 1927, at the hearing upon the final account, report, and petition of the special master, they requested and moved the district court to order and direct the special master to pay them interest on their claim at 8 per cent per annum from and after March 8, 1926, but that said court refused so to do, but ordered and directed the special master not to pay such interest.

The dissolution proceeding, into which the plaintiffs' action became merged by order of consolidation, is authorized by chapter 107, Laws of Utah 1925. Among other powers by that act vested in the district court is the "power to adjust the obligations of the district, allotment of benefits, and other matters affecting the property of the land owners." It seems clear that under the circumstances the district court in that proceeding had jurisdiction to adjust the amount of the plaintiffs' claim. This is not disputed. It is contended by the plaintiffs that the formal judgment entered nunc pro tunc in their favor which provides for interest from the date of judgment at 8 per cent per annum imports verity and stands by itself as the independent and conclusive determination of the plaintiffs' claim. To this we cannot agree. From the nature of the proceeding the court was charged with the duty of adjusting and allowing the claims of creditors. This was acknowledged by the plaintiffs when upon their own motion their pending action was consolidated with the dissolution proceeding. The statute prescribed no time or particular manner in which creditors' claims may be established. The order of March 8, 1926, which allowed and established numerous creditors' claims including the plaintiffs' claim, and which the plaintiffs stipulated should be a final order, was a regular authorized order on the part of the court. The making and entering of a formal judgment in favor of the plaintiffs was not necessary to establish their claim. Their claim was legally established by the previous order. The

fact that a judgment in form was made and entered under such circumstances added nothing to the legal quality of their standing as creditors. It amounted, at most, to an additional order by the court that the plaintiffs should be paid interest from date until paid at 8 per cent per annum. And this so-called judgment was just as subject to change by a subsequent order as was the general order of March 8, 1926, which the judgment is claimed to have changed.

The jurisdiction of the district court to adjust the obligations of the district was not exhausted by either of the orders referred to. On March 26, 1927, the final order was made that the special master "pay in full the remainer of said claims as allowed by said court by its order made and entered on the 8th day of March, 1926, without interest after said date." This order was within the jurisdiction and power of the court. Whether or not it was erroneous we do not inquire in this proceeding. We do decide that the nunc pro tunc order, because in the form of a judgment, did not end the jurisdiction of the court over the subject, or preclude it from making the final order of March 26, 1927.

It is elementary that judicial or discretionary powers are not controlled by mandamus. A court may, by writ of mandate, be required to entertain jurisdiction and determine controversies where it refuses or fails to do so, but the decision itself is left to the court. This is fundamental.

If dissatisfied with the final order for the payment of creditors' claims without interest after March 8, 1926, the plaintiffs, or any other aggrieved party, had a plain appeal from the judgment. This precludes mandamus. *Ketchum Coal Co.* v. *Dist. Court*, 48 Utah 342, 159 P. 737, 4 A. L. R. 619.

The fact appears here, however, that the plaintiffs abided by the decree and availed themselves of the benefits thereof by accepting the sum awarded them on final distribution

"as per court order of March 26, 1927." Whether, as held in *Sierra Nev. M. Co.* v. *Keith-O'Brien Co.*, 48 Utah 12, 156 P. 943, this would estop plaintiffs from prosecuting an appeal from the judgment, need not be determined in this proceeding. It is, however, an additional reason why the writ applied for should not be granted.

Writ denied. Costs to defendant.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.