## HERZOG v. BRAMEL, District Judge, et al.

No. 5335. Decided June 27, 1933. (23 P. [2d] 345)

*Wm. L. Beezley,* of Salt Lake City, for plaintiff.

*Brady & Acheson,* of Salt Lake City, for defendants.

STRAUP, Chief Justice.

This is an application for a writ of mandate to compel the district court to reinstate, hear, and determine a proceeding on petition of Nellie Herzog, formerly Purrington, against J. F. Purrington, her former husband, filed in the district court requiring the defendant to show cause why he should not be punished for contempt for alleged failure to pay alimony as decreed by the court in the divorce action. In the petition filed in the district court May, 1932, it was alleged and admitted that the decree of divorce was granted November 14, 1930, in favor of the plaintiff, Nellie Purrington, and against her then husband, J. F. Purrington, and that an award of alimony was granted her of $10 a month dated from June 18, 1930, when the complaint in the divorce action was filed, $50 attorney's fees and costs. The award of alimony, attorney's fees, and costs were by the parties agreed to in settlement prior to the entry of the decree. Whether the court in awarding alimony and attorney's fees did or did not follow the settlement is not made to appear nor here involved. In the petition filed in the district court, all jurisdictional facts were alleged and admitted leading up to the granting and entry of the decree. Among other things, it also was alleged that the amount of accrued alimony was $230, of which the defendant had paid only the sum of $75, that there remained due and unpaid the sum of $155, and $27.50 attorney's fees and $10 costs.

It, however, was further alleged in the petition that, after the divorce decree was entered, and on or about December 15, 1930, the defendant and his counsel, with intent to cheat, deceive, and defraud the plaintiff, and without the knowledge or consent of her counsel, fraudulently induced her to sign "a certain paper for a purported settlement," and falsely and fraudulently represented to her that, if she "would settle her alimony award for $100," the defendant would pay her such sum within one week and $50 attorney's fees and $10 costs, and a further sum of $14.70 costs re-

maining unpaid in a prior maintenance action; that such promises and representations were false and were made with no intent to comply therewith, but to cheat and deceive the plaintiff; that she, believing the promises and representations to be true, and relying thereon, and in the absence of her attorney, and because of the fraud practiced on her, signed the paper without reading or understanding it; and that thus the alleged contract or settlement had no legal effect and in no particular had been complied with or carried out. While it was not expressly alleged that the paper was signed without consideration, yet sufficient facts are set forth to show that not anything, except the alleged false and fraudulent promises, were received by the plaintiff. It further was alleged that demands were made for payment of the alimony, attorney's fees, and costs as awarded by the decree, and that the defendant, although able to pay the same, willfully refused to do so.

Upon the filing of the petition, a citation was issued to the defendant to show cause why he had not complied with the decree, and had not paid the alimony and why he should not be punished for contempt for his failure and refusal to do so. In response thereto, the defendant by his counsel appeared and specially demurred to the petition on the ground that on the face of the petition it appeared that subsequent to the entry of the decree the parties had entered into a contract or settlement with respect thereto, and though it was alleged that the contract or settlement was induced by fraud and misrepresentation, and was fraudulently entered into to deceive the plaintiff, yet it was urged that the district court in the proceeding invoked by the petition was without jurisdiction to hear and determine it, and that a separate and independent action in equity was essential to first determine the alleged invalidity of the contract or settlement, and, until it was so determined and decreed, the district court was without jurisdiction to entertain the proceedings to enforce the decree. The district court, after argument of counsel, adopted such view, and on June 10,

1932, by a written order recited and ordered that, the decree of divorce having been made and entered November 30, 1930, and subsequent thereto and on December 15, 1930, "a contract was made between the plaintiff and the defendant concerning alimony and payment of attorney's fees, which contract the plaintiff now alleges to be void and induced by fraud and misrepresentation; and, whereas, the court is of the opinion that such decree of divorce became final more than one year ago and cannot now be changed by this court, and it is also of the opinion that this court has no jurisdiction to annul or change said contract in this summary proceeding or in any manner, except in a plenary action duly commenced for that purpose, and therefore this court dismisses said petition of the plaintiff and refuses to proceed any further therewith."

It thus is seen that the court, for the reasons stated, ruled that it was without jurisdiction to entertain the petition or grant any relief thereunder, and hence refused to consider the petition on merits or to grant any relief thereunder, and dismissed it and refused to further proceed. In no particular, except for want of jurisdiction, was the petition challenged; nor was it considered or dismissed on any other ground. And so the plaintiff applied for a writ to require the court to reinstate the petition and to proceed with the cause.

The right to the writ is here challenged by the defendant on the same ground and no other on which jurisdiction was challenged in the court below. While the defendant urges that mandamus does not lie, yet that is put on the ground, not that the plaintiff has another adequate remedy at law in the same cause or action by appeal or otherwise, but on the ground that the plaintiff has a remedy by commencing an independent action in equity to annul the contract or settlement on the ground of fraud and misrepresentation, the same ground urged in the court below challenging the jurisdiction of the court to entertain the petition or to grant any relief under it. If, therefore, the court below correctly

ruled that it was without jurisdiction to entertain the petition, the writ here applied for should be denied. On the contrary, if the court erroneously held that it was without jurisdiction, and for that reason refused to entertain the petition and dismissed it, the writ should be granted.

When an inferior court or tribunal, having jurisdiction, erroneously rules it is without jurisdiction, and for such reason refuses to hear or proceed with a cause and dismisses it, mandamus is the proper remedy to compel the court to reinstate the cause, assume jurisdiction, and proceed with it. We have held that several times. *Harris* v. *Barker*, Judge (Utah) 12 P. (2d) 577; *Richards* v. *District Court of Weber County*, 71 Utah 473, 267 P. 779; *Hale* v. *Barker*, Judge, 70 Utah 284, 259 P. 928; *Hanson* v. *Iverson*, Judge, 61 Utah 172, 211 P. 682; *Ketchum Coal Co.* v. *District Court of Carbon County*, 48 Utah 342, 159 P. 737, 4 A. L. R. 619; *Silver City Merc. Co.* v. *District Court of Utah County*, 57 Utah 365, 195 P. 194; *State* v. *Hart*, Judge, 19 Utah 438, 57 P. 415. That, too, is the rule in other jurisdictions. *Floyd* v. *Sixth Judicial Dist.*, 36 Nev. 349, 135 P. 922, 923, 4 A. L. R. 646, where numerous authorities are referred to, and where it is said that:

"While it may be said that in cases of this character the lower court had jurisdiction to grant or deny a motion to dismiss, nevertheless that court could not refuse to hear a matter upon its merits when it was regularly before it for that purpose, nor could it divest itself of jurisdiction by an erroneous order any more than it could assume jurisdiction by arbitrarily saying that it had the right to proceed."

To the same effect is the case of *Crocker et al.* v. *Justice of Superior Court*, 208 Mass. 162, 94 N. E. 369, 370, 21 Ann. Cas. 1061. Among other things, it there is said:

"One of the ancient offices of this writ [mandamus] was to compel action by low judicial tribunals respecting matters properly before them and within their jurisdiction. If such courts decline to exercise their judicature for any reason or to decide matters pending before them mandamus has always been regarded as the appropriate means by which to set in motion their jurisdictional power. It lies to

compel the performance of whatever appertains to the duty of lower courts, where there has been for any reason a refusal to act."

In fact, such rule is not seriously questioned. The contention is that the court below was without jurisdiction to proceed with the case presented by the petition, for the reason that the court in such proceeding was without authority to hear and determine whether the alleged contract or settlement entered into subsequent to the entry of the decree was or was not procured through fraud or misrepresentation, and that to determine such an issue required a separate and independent action in equity.

That, then, brings us to the real question involving the challenged jurisdiction. At the threshold let it be noticed that the plaintiff by her petition did not seek to change the divorce decree nor to repudiate or modify either the decree or the settlement of the parties entered into by them prior to the entry of the decree. What she sought by her petition was the aid of the court to enforce the decree as to alimony and counsel fees as entered and decreed by the court. It is somewhat difficult to understand just what the court meant by the language in the order, or the pertinency of it, that "such decree of divorce became final more than one year ago and cannot now be changed by this court," for that the plaintiff in no particular by her petition sought to change or modify the decree, but to have it enforced. In what particular and on what grounds a divorce decree relating to monthly payments of alimony after the decree has become final may be changed or modified we need not now consider, for the reason that no such action was invoked by the plaintiff.

Under statutes and codes similar to ours, we think it is generally recognized that the enforcement by citation or an order to show cause or by contempt proceedings, of orders or decrees with respect to the payment of monthly or other specific periods of alimony and counsel fees, for a failure and a willful refusal to pay the same, is one

of the inherent equity powers of the court. Such has been everyday's practice in this jurisdiction for many years. The plaintiff by her petition having alleged sufficient jurisdictional facts to invoke jurisdiction with respect to the enforcement of the payment of alimony and counsel fees as decreed, the question is as to whether such jurisdiction to proceed with the cause was destroyed or the court divested of jurisdiction, because of the allegations of the petition that subsequent to the entry of the decree the defendant and his counsel by fraud and misrepresentation induced the plaintiff to sign a contract or the making of settlement, which, as alleged by her, was not carried out, and was not, when entered into, intended by the defendant to be carried out, and was made and entered into by him to cheat and deceive the plaintiff, and hence, as alleged by her, the contract or settlement was void and ineffectual. The affirmative is asserted by the defendant and that a separate and independent action in equity was requisite to first determine the alleged invalidity of the contract or settlement; the negative by the plaintiff. It is quite apparent that the plaintiff by her petition in the district court anticipated the probable defense of the defendant in failing and refusing to pay the alimony and counsel fees as decreed by the court, and thus by allegations sought to negative the legal effect of any such defense. Had the plaintiff by her petition merely averred the existence of the decree, the allowance of alimony, counsel fees, and costs, the ability of defendant to comply therewith, demands made of him to do so, and his failure and willful refusal to comply therewith, without averring or referring to the alleged fraudulent and void contract or settlement entered into subsequent to the decree, and by citation or order to show cause or by attachment of the person of the defendant sought the enforcement of the decree, the jurisdiction of the court to entertain the petition and proceed with the cause may not well be doubted. If in such case the defendant by answer had averred the making of and entering into a contract of the parties subsequent to the de-

cree, which by its terms modified or superseded the decree, and the plaintiff by reply that the alleged contract was invalid and of no force and effect because of fraud, misrepresentations, and deception practiced on her, it could not well be said under our Code such tendered defense divested the court of jurisdiction to proceed or required an abatement of the proceedings until in an independent action in equity the invalidity of the contract had been determined and adjudged. Even in an action at law where to the plaintiff's claim or demand an answer of settlement or accord and satisfaction and a release and discharge of plaintiff's claim is filed and a reply thereto by the plaintiff alleging that the settlement, release and discharge were obtained through fraud and misrepresentation thereby rendering the settlement and release of no legal effect, the whole issue may be determined in the same action without the plaintiff being required first in equity and in a separate action to have determined the invalidity of the settlement or relase on the ground of fraud. For stronger reasons would it seem, when the plaintiff in a court of equity seeking the enforcement of a divorce decree respecting alimony rendered by the same court in equity and in the same cause, that the court has power and authority to hear and determine the whole issue, including the tendered defense in failing and refusing to comply with the terms of the decree, especially in view of our Constitution and Code abolishing all forms of action and permitting law and equity to be administered in the same action, and where legal and equitable relief are administered by the same court in the same action and according to the same general plan. Pomeroy's Code Remedies (5th Ed.) p. 14, § 10 et seq.; 1 Bancroft's Code Prac. & Rem. § 170, p. 254. We see no distinction because the plaintiff perhaps unnecessarily anticipated and negatived the probable defense of the defendant of the entering into a contract or settlement subsequent to the entry of the divorce decree. The sought enforcement of the order or decree with respect to the payment of the decreed alimony being one of the in-

herent equity powers of the court and a proceeding civil in nature (6 Bancroft's Code Prac. & Rem., 6132), and the filing of a petition in the district court a usual method of enforcing orders or decrees for alimony (19 C. J. 299), and the enforcement or proceeding sought in a court of equitable cognizance and before the very court and in the cause in which the decree of divorce was rendered, thus invoking its inherent equitable powers, we see no good reason why all of the controversies arising out of or connected with the same subject-matter could not be settled in a single judicial action. We have here no separate courts of equity to which the cause or any part thereof could be sent to another branch of the court. District courts of this state are courts of general jurisdiction, possessing original jurisdiction in all matters civil and criminal not excepted by our Constitution or not prohibited by law; and a district court, having acquired jurisdiction of subject-matter and of the parties, has jurisdiction in the same action of all disputes and controversies presented by the pleadings arising out of or connected with the same subject-matter of the action.

We thus are of the opinion that the court erroneously ruled that it was without jurisdiction to proceed. The judgment of this court, therefore, is that the alternative writ heretofore granted be made permanent, that the district court of Salt Lake county be directed to reinstate the petition of the plaintiff, assume jurisdiction, and proceed with the cause. Costs are allowed to be taxed against the defendant J. F. Purrington.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.